Nos. 23-3050

# United States Court Of Appeals
# For Eighth Circuit

---

Pamela Cole

Plaintiff–Appellant,

v.

Group Health Plan.,

Defendant–Appellee.

---

On Appeal from the United States District Court
for the District of Minnesota

District Court Nos.
0:22-cv-2686-WMW-LIB

---

## APPELLANT'S PRINCIPAL BRIEF

---

Gregory M. Erickson, 276522
Vincent Fahnlander, 19220X
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
*Attorneys for Appellants*
Dated: November 14, 2023

Jody Ward-Rannow (#0387098)
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
(612) 339-1818
*Attorneys for Appellee*

# SUMMARY OF THE CASE

Appellant Pamela Cole is an employee with the Appellee HealthPartners, Inc. HealthPartners mandated, as a condition of employment, the taking of the Covid-19 vaccine but, offered exemptions for religious or medical reasons. Cole received a religious exemption. However, HealthPartners created two classes of employees—the vaccinated and the unvaccinated. To further the distinction between the classes, HealthPartners implemented a "branding;" an orange badge to the vaccinated and no badge for the unvaccinated. Additional employment conditions were also imposed upon the unvaccinated. The absence of the badge disclosed the medical condition of the unvaccinated and allowed them to be targeted for ridicule and scorn. Cole filed a complaint under Title VII and the Minnesota Human Rights Act for religious discrimination.

In its motion to dismiss, HealthPartners admitted that Cole had sincere religious beliefs and communicated her religious beliefs to HealthPartners eliminating the need to argue two of three employment discrimination elements under *Jones v. TEK Indus., Inc.,* 319 F.3d 355 (8th Cir. 2003). Neither party addressed those issues. However, while the district court acknowledged HealthPartners's admissions, it nevertheless declared Cole did not have a bona fide religious belief to claim it conflict with an employment requirement or to show adverse employment actions were taken because of her religious beliefs. Hence, the court dismissed Cole's complaint. Reversal is requested and remand and 15 minutes for oral argument.

i

## CORPORATE DISCLOSURE STATEMENT

In accordance with Fed. R. App. P. 26.1(a) and Local Rule 26.1A of the United States Court of Appeals for the Eighth Circuit, Appellant Pamela Cole through her attorneys, states the following:

Appellant Pamela Cole is an individual and is not a corporate entity nor affiliated with any corporate entity regarding her appeal.

Appellate Case: 23-3050     Page: 3     Date Filed: 11/15/2023 Entry ID: 5335841

# TABLE OF CONTENTS

SUMMARY OF THE CASE ........................................................................... i

CORPORATE DISCLOSURE STATEMENT ............................................. ii

TABLE OF AUTHORITIES ..................................................................... v

JURISDICTIONAL STATEMENT ........................................................... 1

STATEMENT OF THE ISSUES PRESENTED ......................................... 2

STATEMENT OF THE CASE ................................................................... 4

I.  HealthPartners instituted a Vaccine Mandate; Cole sought a
    religious exemption, which was granted, but then HealthPartners
    discriminated against her .................................................................. 4

    A. The HealthPartners Vaccine Mandate. ......................................... 4

    B. Cole pled that she had bona fide religious beliefs that conflicted
       with the Vaccine Mandate. ........................................................... 5

    C. HealthPartners conceded Cole's bona fide religious beliefs, and
       that Cole communicated them to HealthPartners. ......................... 6

    D. The district court confirmed the first two elements were not
       disputed. ...................................................................................... 7

    E. Cole pled discriminatory adverse employment action through
       HealthPartners' creation of two separate employee classes. ......... 9

    F. Cole pled she could have been reasonably accommodated,
       without forcing HealthPartners to incur undue hardship. ........... 12

    G. The district court granted HealthPartner' dismissal of
       Appellants' complaint. ............................................................... 12

Summary of the Argument .................................................................... 13

Argument ............................................................................................... 15

Appellate Case: 23-3050     Page: 4     Date Filed: 11/15/2023 Entry ID: 5335841

I.   The applicable standard of review for a motion to dismiss is de novo. .................................................................................................. 15

    A.   This Court has suggested that it would be premature to dismiss a discrimination action at the motion to dismiss stage under the "reasonable person" standard. .......................................... 16

    B.   The district court found Cole had suffered no adverse employment action on the incorrect premise that she did not have sincerely held religious beliefs. ...................................... 18

    C.   Cole Amply Pled Adverse Employment Action ............................. 19

II.  The district court must accept HealthPartners' admissions as binding that Cole had bona fide religious beliefs. ..................................... 21

    A.   Bona fide religious beliefs is not an issue for a motion to dismiss. ......................................................................................... 25

    B.   Even if bona fide religious beliefs was at issue, it was not appropriate for a Court to decide it at a motion to dismiss because Cole amply pled it. .................................................... 26

III. Reasonable accommodation and undue hardship are not proper issues to decide at a motion to dismiss, since they are both fact issues. .................................................................................................. 26

    A.   Reasonable accommodation and undue hardship are fact issues that are inappropriate at a motion to dismiss. ................................. 27

    B.   Cole Amply pled that her religious beliefs could have been reasonably accommodated without undue hardship. ..................... 31

    C.   Because Cole properly pled Title VII Violation, Cole also pled MHRA Claims. ............................................................................... 32

Conclusion ................................................................................................... 36

CERTIFICATE OF COMPLIANCE ........................................................... 37

Appellate Case: 23-3050     Page: 5     Date Filed: 11/15/2023 Entry ID: 5335841

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ansonia Bd. Of Educ. v. Philbrook,*
479 U.S. 60 (1986)............................................................................... 34

*Antoine v. First Student, Inc.,*
713 F.3d 824 (5th Cir. 2013)............................................................. 27

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)....................................................................... 15, 16

*Benjamin v. Cty of Hennepin,*
1996 Minn. App. LEXIS 1329 (MN App. Nov. 26, 1996)......................... 33

*Blomker v. Jewell,*
831 F.3d 1051 (8th Cir. 2016)............................................................ 15

*Braden v. Wal-Mart Stores, Inc.,*
588 F.3d 585 (8th Cir. 2009)........................................................... 16, 24

*Brooks v. Roy,*
881 F. Supp. 2d 1034 (D. Minn. 2012).................................................. 3, 35

*Brown v. Polk Cnty., Iowa (Brown II),*
61 F.3d 650 (8th Cir.1995)................................................................. 29

*Carlson v. Sec. of Dept. of Health and Human Services,*
23 Cl. Ct. 788 (1991)......................................................................... 22

*Christopherson v. Bushner,*
33 F.4th 495 (8th Cir. 2022) .............................................................. 16

*Clegg v. Ark. Dep't of Corr.,*
496 F.3d 922 (8th Cir. 2007).............................................................. 20

v

Appellate Case: 23-3050     Page: 6     Date Filed: 11/15/2023 Entry ID: 5335841

*Cossette v. Minnesota Power & Light*,
188 F.3d 964 (8th Cir.1999) ........................................................ 20

*Cruzan v. Special Sch. Dist. No. 1*,
294 F.3d 981 (8th Cir. 2002) ....................................................... 20

*Davey v. City of Omaha*,
107 F.3d 587 (8th Cir. 1997) .................................................... 2, 23

*Doe 1 v. NorthShore Univ. Healthsystem*,
No. 21-cv-05683, 2021 WL 5578790 (N.D. Ill. Nov. 30, 2021) ................................. 30

*E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*,
279 F.3d 49 (1st Cir. 2002) ........................................................ 25

*EEOC v. Firestone Fibers & Textiles, Co.*,
515 F.3d 307 (4th Cir. 2008) ...................................................... 27

*Far E. Aluminium Works Co. v. Viracon, Inc.*,
27 F.4th 1361 (8th Cir. 2022) ................................................. 16, 24

*Finn. v. All. Bank*,
860 N.W.2d 638 (Minn. 2015) ..................................................... 17

*Fletcher v. St. Paul Pioneer Press*,
589 N.W.2d 96 (Minn. 1999) ...................................................... 32

*Groff v. DeJoy*,
600 U.S. 447 (2023) ..................................................... 3, 14, 29, 31

*Hafley v. Lohman*,
90 F.3d 264 (8th Cir. 1996) ....................................................... 17

*Haliye v. Celestica Corp.*,
717 F.Supp.2d 873 (D. Minn. 2010) ........................................... 3, 27, 30

*Harlston v. McDonnell Douglas*,
37 F.3d 379 (8th Cir. 1995) ....................................................... 19

*Harrell v. Donahue*,
638 F.3d 975 (8th Cir. 2011) ...................................................... 29

Appellate Case: 23-3050     Page: 7     Date Filed: 11/15/2023 Entry ID: 5335841

*Hartman v. Bowles,*
    39 F.4th 544 (8th Cir. 2022) ................................................................. 16, 26

*Henry v. Indep. Sch. Dist. #625,*
    988 N.W.2d 868 (Minn. 2023) ........................................................... 35

*Hill-Murray Fed'n of Teachers v. Hill-Murray High Sch.,*
    487 N.W.2d 857 (Minn. 1992) ........................................................... 35

*Jones v. TEK Indus., Inc.,*
    319 F.3d 355 (8th Cir. 2003) .......................................................i, 2, 16, 24

*Kenneh v. Homeward Bound, Inc.,*
    944 N.W.2d 222 (Minn. 2020) ........................................................3, 33, 36

*Kimbro v. Atlantic Richfield Co.,*
    889 F.2d 869 (9th Cir. 1989) ........................................................... 30

*Kramer v. Kemna,*
    21 F.3d 305 (8th Cir. 1994) ........................................................... 23

*Lee v. Seasons Hospice,*
    No. 22-CV-1593, 2023 WL 6387794 (D. Minn., Sept. 29, 2023) ...............3, 33, 34, 35

*Manning v. Metropolitan Life Ins. Co.,*
    127 F.3d 686 (8th Cir.1997) ........................................................... 20

*Maroko v. Werner Enterprises, Inc.,*
    778 F. Supp. 2d 993 (D. Minn. 2011) ...............................................16, 21, 27

*McWright v. Alexander,*
    982 F.2d 222 (7th Cir. 1992) ........................................................... 27, 30

*Menuel v. Hertz Corp.,*
    No. 1:07-CV-3031-JTC-RGV, 2008 WL 11322934 (M.D. Ga. Nov. 10, 2008) ..................................................................... 30

*Mo. Hous. Dev. Comm'n v. Brice,*
    919 F.2d 1306 (8th Cir. 1990) ........................................................... 22

*Moses.com Sec., Inc. v. Comprehensive Software Sys. Inc.,*
    406 F.3d 1052 fn. 3 (8th Cir. 2005) ........................................................... 17

Appellate Case: 23-3050    Page: 8    Date Filed: 11/15/2023 Entry ID: 5335841

*Murphy v. Missouri Dep't of Corr.*,
372 F.3d 979 (8th Cir. 2004) ................................................................ 25

*Nicholas v. American Nat. Inc. Co.*,
154 F.3d 875 (8th Cir. 1998) ................................................................ 15

*Paskert v. Kemna-ASA Auto Plaza, Inc.*,
950 F.3d 535 (8th Cir. 2020) ............................................................... 23

*Patrick v. Henderson*,
255 F.3d 914 (8th Cir. 2001) ........................................................... 18, 33

*Rasmussen v. Two Harbors Fish Co.*,
832 N.W.2d 790 (Minn. 2013) ............................................................. 33

*Rendleman v. Steel City Marine Transp., Inc.*,
78 F.3d 589 (8th Cir. 1996) ............................................................... 2, 22

*Rester v. Stephens Media, LLC*,
739 F.3d 1127 (8th Cir. 2014) ............................................................. 18

*Rivera v. Bank of Am., N.A.*,
993 F.3d 1046 (8th Cir. 2021) ........................................................... 2, 23

*Rogers v. Nebraska Urb. Indian Health Coal., Inc.*,
No. 8:22-CV-410, 2023 WL 2990720 (D. Neb. Apr. 18, 2023) ................ 25

*Satanic Temple v. City of Belle Plaine, Minnesota*,
475 F. Supp. 3d 950 (D. Minn. 2020) ................................................... 35

*Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*,
558 F.3d 731 (8th Cir. 2009) ............................................................... 23

*Seaworth v. Pearson*,
203 F.3d 1056 (8th Cir. 2000) ......................................................... 28, 29

*Sigurdson v. Isanti Cnty.*,
386 N.W.2d 715 (Minn. 1986) ............................................................. 32

*State v. Hershberger*,
462 N.W.2d 393 (Minn. 1990) ............................................................. 35

Appellate Case: 23-3050    Page: 9    Date Filed: 11/15/2023 Entry ID: 5335841

*Stowe Potato Sales, Inc. v. Terry's, Inc.*,
224 B.R. 329 (W.D. Va. 1998) ................................................................. 22, 24

*Sturgill v. United Parcel Service, Inc.*,
512 F.3d 1024 (8th Cir. 2008) ................................................................. 3, 28

*Tatom v. Georgia-Pac. Corp.*,
228 F.3d 926 (8th Cir. 2000) ................................................................. 19

*Thompson v. Harrie*,
59 F.4th 923 (8th Cir. 2023) ................................................................. 2, 15

*Turpen v. Mo.-Kan.-Tex. R.R. Co.*,
736 F.2d 1022 (5th Cir. 1984) ................................................................. 27

*United States v. Bd. of Educ.*,
911 F.2d 882 (3d Cir.1990) ................................................................. 29

*United States v. Easley*,
216 B.R. 543 (W.D.Va.1997) ................................................................. 22, 24

*Vetter v. Farmland Indus., Inc.*,
120 F.3d 749 (8th Cir. 1997) ................................................................. 25

*Villareal v. Rocky Knoll Health Center*,
No. 21-CV-729, 2021 WL 5359018 (E.D. Wis. Nov. 17, 2021) ................. 30, 31

*Wagner v. Campbell*,
779 F.3d 761 (8th Cir. 2015) ................................................................. 2, 19, 20

*Warmington v. Bd. of Regents of Univ. of Minnesota*,
998 F.3d 789 (8th Cir. 2021) ................................................................. 2, 15, 17

*Wilson v. U.S. W. Commc'ns*,
58 F.3d 1337 (8th Cir.1995) ................................................................. 16, 28

*Young v. City of St. Charles, Mo.*,
244 F.3d 623 (8th Cir. 2001) ................................................................. 17

Statutes

28 U.S.C. § 1291 ................................................................. 1

Appellate Case: 23-3050     Page: 10     Date Filed: 11/15/2023 Entry ID: 5335841

28 U.S.C. § 1331 ................................................................................ 1

42 U.S.C. § 2000e-2(a) ...................................................................... 1

Minn. Stat. §§ 363A.02, subd. 1(a), 363A.04 ................................. 33

Minnesota Constitution, Article I, § 16 ......................................... 35

Rules

FED. R. APP. P. 26.1(a) ....................................................................iii

FED. R. APP. P. 32 (a)(7) ............................................................... 37

Appellate Case: 23-3050    Page: 11    Date Filed: 11/15/2023 Entry ID: 5335841

# JURISDICTIONAL STATEMENT

The United States District Court for the District of Minnesota issued a judgment for the appellant Cole on September 11, 2023, App. 10; R. Doc. 20, at 1, based upon the Amended Order also filed on September 11, 2023. App. 1-9; R. Doc 19, at 1-9.

The Amended Order and Judgment adjudicated all claims as to all parties. The district court's jurisdiction was established under 28 U.S.C. § 1331 as a civil action arising under the laws of the United States as a federal question, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

Under 28 U.S.C. § 1291, the Court of Appeals has jurisdiction from all final decisions of the federal district courts. The Appellant filed her Notice of Appeal on September 8, 2023. R. Doc. 17, at 1; *see also* R. Doc. 22, at 1 (Sep. 12, 2023 Amended Notice of Appeal).

1

## STATEMENT OF THE ISSUES PRESENTED

Health-care employee filed a federal complaint against her employer under Title VII and the Minnesota Human Rights Act ("MHRA") which both prohibit employers from discriminating against employees based upon their religious beliefs and require reasonable accommodation. The issues presented are:

1. Whether Appellant Cole pled facts sufficient to set forth a plausible claim of an adverse employment action, which is the third element of the claim for religious discrimination, when the employer mandated specific and visible labeling of an employee's disclosed medical condition of not having a COVID-19 vaccine because of her sincerely held religious beliefs;

    Apposite constitutional provisions or statutes:

    Apposite Cases:    *Thompson v. Harrie*, 59 F.4th 923 (8th Cir. 2023); *Warmington v. Board of Regents of Univ. of Minn.*, 998 F.3d 789 (8th Cir. 1021) (other citations omitted); *Jones v. TEK Indus., Inc.*, 319 F.3d 355 (8th Cir.2003); *Wagner v. Campbell*, 779 F.3d 761 (8th Cir. 2015).

2. Whether the district court mistakenly addressed and determined an issue that was waived, the issue of Cole's bona fide religious beliefs that conflicted with an employment requirement—factor number one from the religious discrimination test—when the defendant did not challenge that facto and admitted it was not in issue at the motion to dismiss, and the Appellant confirmed that element was not an issue.

    Apposite constitutional provisions or statutes:

    Apposite Cases:    *Rendleman v. Steel City Marine Transp., Inc.* 78 F.3d 589 (8th Cir. 1996); *Davey v. City of Omaha*, 107 F.3d 587 (8th Cir. 1997); *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046 (8th Cir 2021)

Appellate Case: 23-3050    Page: 13    Date Filed: 11/15/2023 Entry ID: 5335841

3. Whether Appellant Cole pled sufficient facts to set forth a plausible claim of failure to accommodate under both Title VII and the MHRA

    Apposite constitutional provisions or statutes:

    Apposite Cases: *Lee v. Seasons Hospice*, No. 22-CV-1593, 2023 WL 6387794 (Sept. 29, 2023); *Kenneh v. Homeward Bound, Inc*, 944 N.W.2d 222 (Minn. 2020); *Brooks v. Roy*, 881 F.Supp.2d 1034 (D.Minn. 2012).

4. Whether HealthPartners reasonably accommodated Cole's sincerely held religious beliefs, as a matter of law. This issue includes the question of whether HealthPartners would have incurred an undue burden by providing a different accommodation to Cole.

    Apposite constitutional provisions or statutes:

    Apposite Cases: *Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024 (8th Cir. 2008); *Groff v. DeJoy*, 600 U.S. 447 (2023); *Haliye v. Celestica Corp.*, 717 F.Supp.2d 873 (D.Minn. 2010).

3

## STATEMENT OF THE CASE

I.  **HealthPartners instituted a Vaccine Mandate; Cole sought a religious exemption, which was granted, but then HealthPartners discriminated against her.**

### A. The HealthPartners Vaccine Mandate.

Appellant Cole filed a detailed Complaint describing her religious beliefs, her opposition to receiving the Covid-19 vaccine, and that although her religious exemption was granted, Defendant treated vaccinated and unvaccinated employees differently, resulting in scorn and discrimination against Plaintiff—an adverse employment action.

Cole pled that in "August 2021, HealthPartners mandated that all its employees receive the Covid-19 vaccination as a condition of continuing their employment." ("Vaccine Mandate"). App. 14; R. Doc. 1, at 1 (¶¶ 1, 13). The Vaccine Mandate stated that "HealthPartners will require Covid-19 … for all colleagues." "Colleagues will have until Oct. 29, 2021 (for Covid-19) … to become fully vaccinated or document their declination." *Id.* (¶ 13). HealthPartner's requirement included that employees must be "up-to-date on vaccinations," meaning the "Covid-19 vaccine primary series and the Covid-19 bivalent booster." *Id.* (¶ 31).

Plaintiff worked for a long period, while unvaccinated, without causing harm. There is no finding that Plaintiff has infected anyone. App. 21; R. Doc. 1, at 8 (¶ 32).

4

### B. Cole pled that she had bona fide religious beliefs that conflicted with the Vaccine Mandate.

Cole pled she "objected to receiving the vaccinations because of [her] sincerely-held religious beliefs." App. 14, 20, 24; R. Doc. 1, at 1, 7, 11 (¶ 1, 23, 45-46). Plaintiff also pled the factual specifics of her sincerely-held religious beliefs, and communicated them to Defendants. *Id.* (¶¶ 1, 2, 23, 29, 45-46, 59-60).

Cole practices the religion Eckankar.[1] As Cole pled in her complaint, her interpretation of Eckankar tenets led her to believe that God gave each person bodies to serve him, hence, she is to treat her body as a temple. The Eckankar religion obligates her to be "as conscious as we can with what goes into our bodies. … It was against Plaintiff Cole's religious beliefs to allow the Covide-19 vaccine into her body." App. 20; R. Doc. 1, at 7 (¶ 23).

---

[1] "Eckankar is a modern religion, first founded in the United States in 1965. Eckankar teaches that all people are eternal spiritual beings capable of reaching higher spiritual planes. In Eckankar, the human soul is a divine spiritual being sent to earth to learn how to give and receive pure love. The goal of Eckankar is not to become one with God but to become a coworker with God by drawing nearer to the Light and Sound of God. Soul Travel, HU Meditation, and contemplation of the Mahanta's teachings assist ECKists, as its followers are known, in their pursuit of the divine.
Eckankar has been called a new religious movement, but ECKists believe that Eckankar is comprised of ancient teachings that were merely retaught to humanity in 1965. Eckankar believes that many spiritual teachers have existed worldwide, sharing the same ideas that ECKists hold sacred today." Madison Mateski, *Eckankar Religion: Overview & Beliefs*, STUDY.COM, https://study.com/academy/lesson/what-is-eckankar-beliefs-history-symbol.html#:~:text=Lesson%20Summary-,What%20is%20Eckankar%3F,give%20and%20receive%20pure%20love (last visited Nov. 14, 2023).

HealthPartners even "granted [Cole's] request for the religious exemptions." *Id.* (¶ 2, 27).

### C. HealthPartners conceded Cole's bona fide religious beliefs, and that Cole communicated them to HealthPartners.

HealthPartners did not challenge element numbers one or two of the religious discrimination test, sincerely held religious beliefs that conflict with an employment requirement. *See* HealthPartner's Mem. to Dismiss at 7; R. Doc. 8, at 7 ("*assuming* that the first two elements are established, Cole has not alleged the third element.") (emphasis added). In short, HealthPartners "assum[ed]" that element number one— "sincerely held religious beliefs"—was established and that Health Partners was only challenging the third element—adverse employment action. HealthPartners also wrote that it "accepts the truth of the allegations in Plaintiff's Complaint for purposes of this Motion" (emphasis added), so it was not being challenged in Health Partner's motion. *Id.* at 2, fn. 2. Not only did HealthPartners "assume" the "first two elements are established," HealthPartners did not argue the first element,[2] bona fide religious beliefs that conflicted with an employment requirement, anywhere in its initial memorandum *or* reply memorandum.

The issues HealthPartners did raise to the district court were whether Cole "pled *adverse employment action*" (HealthPartner's Mem. to Dismiss at 7-10; R. Doc. 8, at

---

[2] Nor did HealthPartners dispute the second element, that Cole "informed" HealthPartners of her religious beliefs. *See, e.g.,* HealthPartner's Mem. to Dismiss at 7; R. Doc. 8, at 7.

Appellate Case: 23-3050     Page: 17     Date Filed: 11/15/2023 Entry ID: 5335841

7-10; Cole's Resp. Mem. at 4-7; R. Doc. 12, at 4-7), whether HealthPartners offered *reasonable accommodation* to Cole's religious beliefs, as a matter of law. (HealthPartner's Mem. to Dismiss at 11-14; R. Doc. 8, at 11-14; Cole's Resp. Mem. at 7-12; R. Doc. 12, at 7-12), and HealthPartners asserted Cole's accommodation request would have caused an *undue hardship*, as a matter of law. HealthPartner's Mem. to Dismiss at 14-15; R. Doc. 8, at 14-15; Cole's Resp. Mem. at 12-15; R. Doc. 12, at 12-15.

Therefore there was no argument against Cole's bona fide religious beliefs; that was conceded by Health Partners.

As plaintiff in the case, Cole also confirmed that HealthPartners was not moving on the first two elements. Accordingly, Cole did not argue those issues either. *See* Cole's Resp. Mem. at 17; R. Doc. 12, at 17 ("Defendant has conceded the first two elements of the test."). Cole agreed that Defendant "challenged the third element … Plaintiff will accordingly focus on the third element." *Id.* at 17-18. Relying on this exchange, Cole did not argue bona fide religious beliefs. Had HealthPartners challenged this issue, Cole would have been able to respond.

**D. The district court confirmed the first two elements were not disputed.**

The district court also recognized there was no dispute as to the first element of the test—bona fide religious beliefs. The district court stated: "HealthPartners does not dispute the first two elements…" App. 5; R. Doc. 19, at 5 (the first element is Cole's bona fide religious beliefs conflicting with an employer requirement, and the second element is that the plaintiff "informed the employer of this (bona fide

7

religious) belief.").  The district court admitted in several places throughout its decision that it accepted that "bona fide religious belief that conflicts with an employment requirement" was not at issue.  In the district court's own words:

- "… HealthPartners does not dispute the first two elements, namely, that Cole has a sincere religious belief that she communicated to HealthPartners." *Id.*

- "HealthPartners does not deny that Cole's religious beliefs and opposition to the vaccine are genuinely held." *Id.*

Thus the district court conceded the first two elements were established, and the issue should have been just the third issue—whether Cole suffered an adverse employment action.  The district court properly identified the third element as the actual issue in the case: "Health Partners argues that Cole has not alleged nor established the third element because Cole has not experienced any adverse action such as termination or demotion." *Id.*  The third elements is what the parties disagreed on at the motion to dismiss; not the first or second element.

8

### E. Cole pled discriminatory adverse employment action through HealthPartners' creation of two separate employee classes.

Since adverse employment action was the issue, the parties addressed that issue, which Cole had pled. Cole pled that HealthPartners granted her religious exemption, but subjected her to different treatment than the vaccinated employees. For example, HealthPartners created two separate classes of employees, where Cole, because she was unvaccinated was required to dress differently than vaccinated employees, and to wear protective gear when vaccinated employees were not similarly required to wear protective gear (App. 14-15, 18; R. Doc. 1, at 1-2, 5 (¶¶ 2, 14)), and to disclose medical information, which exposed her to criticism and differential treatment. *Id.* (¶¶ 15-17, 19-20, 27). The unvaccinated employees were forced to consent to disclosing medical information to their superiors including "the status" and Plaintiff's "exemption request (approved or denied) will be available to my leader." *Id.* (¶ 15).

Specifically, Cole pled v*accinated employees* were given an orange badge lock ("Badge Lock") to wear, to indicate their receipt of the vaccine. Cole, was not given a Badge Lock, and the exclusion was intended to draw attention to her as unvaccinated and ill-suited to perform duties in the ordinary course of her employment. Unvaccinated employees were required to wear extra protective gear, disclose medical information to her superiors, and be reassigned to different areas. *Id.* (¶¶ 14-20).

9

If employees sought a religious or medical exemption, they had to agree to "observe additional infection prevention/source control measures," including:

- "Wearing a medical grade PPE mask at all times while working in any HealthPartners facility and at any in-person work activity or event at any time,"
- "Wearing additional PPE as appropriate …"
- "being reassigned to a different patient care area or other work setting …".  (emphasis added).

*Id.* (¶ 14).

Defendant pled the Orange "Badge Locks must be worn for colleagues to remove their masks in administrative facilities and non-patient care areas of our hospitals and clinics."  Unvaccinated employees were not permitted to "remove their masks in administrative facilities and non-patient care areas of [Defendant's] hospitals and clinics." *Id.* (¶ 16).

Cole, as a member of the second class, was marked by the absence of the orange Badge Lock.  Accordingly, HealthPartners' vaccinated employees would notice whether there were any fellow employees without the orange Badge Lock, and then frequently criticize the un-badged employees for not being "Badged," (i.e. for not being vaccinated).  The "Badged" employees would be forced to mask-up when unvaccinated employees would enter a room, leading the vaccinated to complain that the unvaccinated caused the vaccinated to take extra precautions.  To avoid the peer pressure shame and ridicule created by HealthPartners, and because HealthPartners

10

did nothing to address Cole's concerns, Cole took her own action, such as to attend meetings via Zoom, instead of in person. *Id.* (¶ 17).

Further, HealthPartners employees who did not "remove their masks" in administrative facilities or non-patient areas of HealthPartners hospitals and clinics, would be known to be unvaccinated. *Id.* (¶ 18). "The Orange Badge Lock was intended to indicate 'up-to-date vaccination status.'" HealthPartners intended the Badge Locks to be a public indication of vaccination status. *Id.* (¶ 19); *see also id.* (¶¶ 50, 52).

The Badge Lock system demonstrated two classes of employees, and HealthPartners employees would lose their job if they failed to become vaccinated or agreed to the additional terms and be distinguished based on whether they wore the orange Badge Lock or not. *Id.* (¶ 20) Cole's exemption status is known to all employees and staff, by virtue of her not having the Orange Badge Lock, and by not being permitted to remove her mask "in administrative and non-patient care areas" of Defendant HealthPartners' "hospitals and clinics." *Id.* (¶ 27).

Cole pled that HealthPartners did this "in an attempt to mark Plaintiff and all unvaccinated employees differently, and to call attention to them to make them the subject of scorn and ridicule." *Id.* (¶ 2); *see also id.* (¶ 52) (the distinctions brought about by the Badge Locks were "for the sole purpose of embarrassing unvaccinated employees and making them feel separate from their colleagues.").

11

### F. Cole pled she could have been reasonably accommodated, without forcing HealthPartners to incur undue hardship.

Cole pled extensively that she proposed reasonable accommodations, but HealthPartners did not consider them, or engage in an interactive process to try to resolve continuing to employ Cole without the discriminatory actions. App. 17, 21, 24-25; R. Doc. 1, at 4, 8, 11-12 (¶¶ 11, 30, 32, 50-52).

The court held in direct contradiction to Cole's pled facts that "Health Partners worked with Cole and granted a religious exemption from vaccination as a reasonable accommodation." App. 7; R. Doc. 19, at 7.

### G. The district court granted HealthPartner' dismissal of Appellants' complaint.

The district court dismissed Appellant's Title VII and MHRA claims for failure to state a claim. App. 8; R. Doc. 19, at 8. The district court declared that "Cole fail[ed] to allege a bona fide religious belief that conflicts with an employment requirement nor did HealthPartners take any adverse employment actions against Cole because of her religion." *Id.* at 8.

However, the court had previously acknowledged HealthPartners' admission that the first two elements of a religious discrimination claims under *Jones* were not disputed:

> HealthPartners does not dispute the first two elements, namely that Cole has a sincere religious belief that she communicated to HealthPartners.

*Id.* at 5.

Nevertheless, the district court then concluded the opposite of what Health

Partners admitted as the foundation of the court's legal conclusions:

> Because Cole " neither alleges nor argues that the
> accommodation-requirements option conflicts with her religious
> obligations…" or "acknowledge[ing] she was given an alternative
> that did not conflict with her religious observances, Cole
> acknowledges that she has not alleged a bona fide religious belief
> that conflicts with an employment requirement."

*Id.* at 7. This directly contradicted HealthPartners' bases for moving to dismiss,

and the district court hinged its entire dismissal on this error. The primary

issue before the court and briefed was whether Cole pled facts sufficient to

plausibly establish an adverse employment action committed against her.

The district court also concluded that even "assuming HealthPartners had a

duty to accommodate Cole's religious beliefs, it discharged that obligation by

permitting Cole to wear a mask or other additional personal protective equipment at

all times…." *Id.*

This appeal followed.

## Summary of the Argument

While acknowledging on the one hand that the first two *Jones* elements were not

at issue because of HealthPartners's admissions, namely that Cole had a bona fide

religious belief and communicated it with HealthPartners, the district court reverted

back to declare Cole "fail[ed] to allege a bona fide religious belief." App. 8; R. Doc.

19, at 8. The court used that as a basis to rule that this failure to "allege a bona fide

13

religious belief that conflicts with an employment requirement" meant that HealthPartners did not "take any adverse employment actions against Cole because of her religion."[3] *Id.*

The primary issue before the district court was whether Cole pled adverse employment action. The court's conclusion is in error; at the motion to dismiss phase of litigation concise allegations are all that is needed due to the fact intensity of showing discriminatory behavior of an employer in the context of sincerely held religious beliefs. In this context, the district court erred in holding at a motion to dismiss that Cole failed to plead an adverse employment action.

The district court also erred in finding HealthPartners had reasonably accommodated Cole. Reasonable accommodation and the closely related issue of undue hardship are fact issues also, and are inappropriate to decide at the motion to dismiss stage. In light of the U.S. Supreme Court's decision in *Groff v. DeJoy*, 600 U.S. 447 (2023), undue hardship means "a burden is substantial in the overall context of an employer's business." *Groff,* 600 U.S. at 468. In her concisely alleged complaint, Cole sufficiently pled that HealthPartners failed to reasonably accommodate her and there

---

[3] In the same context, Cole's complaint alleged, which must be taken as true, that HealthPartners "mandate[d] its employees to get vaccinated against Covid-19." App. 14, 07-18, 21; R. Doc. 1, at 1, 4-5, 8 (¶¶ 1, 13, 31). However, the district court opined stating just the opposite: "Health Partners did not mandate Cole or any other employees to receive the Covid-19 vaccine;" App. 6-7; R. Doc. 19, at 6-7; and it "is undisputed that HealthPartners did not mandate its employees to get vaccinated against Covid-19." *Id.*

was no undue hardship, in light of the overall circumstances described throughout the complaint.

The district court's decision should be reversed and remanded for further proceedings in accordance with this Court's disposition.

## Argument

### I. The applicable standard of review for a motion to dismiss is de novo.

The legal issue of the proper reach of a Title VII claim is reviewed de novo. *Nicholas v. American Nat. Inc. Co.*, 154 F.3d 875, 886 (8th Cir. 1998). This Court will review a district court's dismissal of a complaint *de novo*, accepting as true the complaint's well-pleaded allegations and drawing all reasonable inferences in the plaintiffs' favor. *Thompson v. Harrie*, 59 F.4th 923, 926 (8th Cir. 2023).

In employment discrimination cases, Plaintiffs do not need to plead a prima facie case to survive a motion to dismiss, but they "must include sufficient factual allegations to provide the grounds on which the claim rests." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (other citations omitted). "The allegations in a complaint must 'give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*,' which in turn reduces the facts needed to be pleaded under *Iqbal.*" *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021) (additional citations omitted).

In addition, "under Title VII and the MHRA a plaintiff must show that he '(1) has a bona fide religious belief that conflicts with an employment requirement, (2)

15

informed the employer of this belief, and (3) was disciplined for failing to comply with the conflicting requirement.'" *Maroko v. Werner Enterprises, Inc.*, 778 F. Supp. 2d 993, 998 (D. Minn. 2011) (citing *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003)); *Wilson v. U.S. W. Commc'ns*, 58 F.3d 1337, 1340 (8th Cir.1995); App. 4-5; R. Doc. 19, at 4-5.

### A. This Court has suggested that it would be premature to dismiss a discrimination action at the motion to dismiss stage under the "reasonable person" standard.

The district court's decision, dismissing Cole's employer discrimination complaint at the motion to dismiss stage is premature.

When faced with a motion to dismiss, a court's duty is to "determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All that is required to meet this plausibility standard is for the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022), *reh'g denied*, 34 F.4th 1123 (8th Cir. 2022); *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the court's inquiry "is limited to the facts alleged in the complaint, which we accept as true and view most favorably to the plaintiff." *Hartman v. Bowles*, 39 F.4th 544, 545 (8th Cir. 2022) (cleaned up). This also includes

16

documents referenced in the complaint. *Moses.com Sec., Inc. v. Comprehensive Software Sys. Inc.*, 406 F.3d 1052, 1063 fn. 3 (8th Cir. 2005).

When ruling on a motion to dismiss, the district court "should consider 'only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party." *Finn. v. All. Bank*, 860 N.W.2d 638, 653 (Minn. 2015); *Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir. 2001), *as corrected* (Mar. 27, 2001), *as corrected* (May 1, 2001) (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).

The district court "construe[s] [a] complaint liberally, "the complaint is sufficient if it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Warmington*, 998 F.3d at 795-96 (citations omitted). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears *beyond a reasonable doubt* that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young*, 244 F.3d at 627 (emphasis added).

The only record the district court should consider at the motion to dismiss stage of employment discrimination complaint under Title VII and the MHRA, are the concise allegations and any documents attached or referred to in the complaint. All of the allegations sufficiently supports Cole's claims. Cole pled all the elements of a religious discrimination claim, including elements one and two, which were not

17

contested in this motion. Cole properly pled an adverse employment action that met the requirement for pleading at the motion to dismiss stage. The district court erred in deciding that Cole did not adequately plead adverse employment action.

### B. The district court found Cole had suffered no adverse employment action on the incorrect premise that she did not have sincerely held religious beliefs.

Both HealthPartners and Cole presented to the district court one primary issue: whether Cole pled an adverse employment action. HealthPartners admitted for purposes of its motion to dismiss that Cole had sincere religious beliefs (and communicated them to HealthPartners). Hence, the first two *Jones* elements were eliminated as otherwise necessary arguments to establish Cole's claims. In the end, the district court adopted HealthPartners's argument that "Cole has not alleged nor established the third element because Cole has not experienced any adverse action, such as termination or demotion, as a result of her opposition to the Vaccine Mandate or the badge lock program either on religious grounds or otherwise." App. 5; R. Doc. 19, at 5. But whether an action constitutes an "adverse employment action is a fact issue that is rarely appropriate for Rule 12 resolution." *Patrick v. Henderson*, 255 F.3d 914, 916 (8th Cir. 2001).

In other cases, this Court confirmed that "adverse employment action," being under the "reasonable person" standard, is appropriate only later in the litigation, such as at a motion for summary judgment, trial, or at a post-trial motion. In *Rester v. Stephens Media, LLC*, 739 F.3d 1127 (8th Cir. 2014), the court applied at *summary*

18

*judgment* application of a "reasonable person" (*i.e.*, fact issue) standard for determining "adverse employment action, *Harlston v. McDonnell Douglas*, 37 F.3d 379 (8th Cir. 1995) was also a summary judgment decision. *See also Tatom v. Georgia-Pac. Corp.*, 228 F.3d 926, 932 (8th Cir. 2000) (adverse employment action determined in post-trial motion). The district court did not apply this legal principle.

### C. Cole Amply Pled Adverse Employment Action

The primary issue in the case is whether Cole *pled* an adverse employment action. She did. "Health Partners argues that Cole has not alleged nor established the third element because Cole has not experienced any adverse action…" App. 5; R. Doc. 19, at 5. Other than the "summary" that "nor did HealthPartners take any adverse employment actions against Cole because of her religion," (*Id.* at 8-9), the district court did not provide any analysis or cite any case law in support of its decision. The district court only stated with respect to adverse employment action, that "Cole did not suffer any reduction in pay, unpaid leave, or loss of employment benefits as a consequence of not getting vaccinated." *Id.* at 7.

The district court applied the wrong test. The actual test for "adverse employment action" is broader than what the district court considered. The test specifically includes: "tangible change in working conditions that produces a material employment disadvantage," and also "might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Wagner v. Campbell*, 779 F.3d 761, 677 (8th Cir. 2015) (cleaned up).

19

In *Wagner,* the Court held at summary judgment (not a motion to dismiss): "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Wagner*, 779 F.3d at 766 (citing *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007)) (internal marks and quotations omitted). The Court stated Wagner "need not prove that [s]he was terminated to demonstrate an adverse action." *Wagner*, 779 F.3d at 766. In *Wagner* the Court found that a single reprimand with no repercussions, did not constitute an adverse employment action. Additionally, the reprimand allowed the plaintiff to respond, but she chose not to respond and quit instead. *Wagner*, 779 F.3d at 767.

Case law provides that any "'tangible change in duties or working conditions that constitute a material employment disadvantage,' can constitute an adverse employment action." *Cruzan v. Special Sch. Dist. No. 1*, 294 F.3d 981, 984 (8th Cir. 2002) (citing *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 972 (8th Cir.1999) (quoting *Manning v. Metropolitan Life Ins. Co.*, 127 F.3d 686, 692 (8th Cir.1997))). Plaintiff pled numerous examples of "changes in duties or working conditions that constitute a material employment disadvantage" in addition to the actual constructive discharge.

Cole pled many facts to plausibly establish a "tangible change in working conditions that produces a material employment disadvantage." Her allegations

20

included that she was treated differently than vaccinated employees. She had to dress differently. She had to disclose medical information to her superiors and leader. Her vaccination status was broadcast via her lack of the Badge Lock, which led to criticism, scorn and ridicule.

All of this damaged her presently, and plausibly damaged her "future career prospects." She was placed at a "material employment disadvantage." She pled sufficiently to at least create a fact issue.

## II. The district court must accept HealthPartners' admissions as binding that Cole had bona fide religious beliefs.

As previously noted, to show a violation under Title VII and the MHRA a plaintiff must show that (1) a bona fide religious belief conflicts with an employment requirement, (2) the party informed the employer of the religious belief, and (3) the party was "disciplined" for failing to comply with the conflicting employer requirement. *Maroko*, 778 F. Supp. 2d at 998 (citations omitted). Here, HealthPartners admitted, at least for the purposes of its motion to dismiss, that it "accepts the truth of the allegations in Plaintiff's Complaint […]," even though HealthPartners did not admit them for other purposes. HealthPartner's Mem. to Dismiss at 2, fn. 2; R. Doc. 8, at 2, fn. 2. As a result, neither of the parties argued the first two elements under Title VII and the MHRA, and limited the motion to dismiss to the sole legal issue of whether Cole alleged sufficient facts to support a claim that she was discriminated against in the workplace.

21

Generally, statements made in pleadings constitute admissions. *Rendleman v. Steel City Marine Transp., Inc.*, 78 F.3d 589 (8th Cir. 1996) (citing *Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990)). These statements "are generally binding on that party unless the pleading is amended." *Brice*, 919 F.2d at 1314. Here, HealthPartners made admissions, accepting Cole's complaint allegations as true, for the limited purpose of its' motion to dismiss. Hence, the court should observe all relevant facts as not in dispute and review only issues of law, as the parties asked the court. *See, e.g., Carlson v. Sec. of Dept. of Health and Human Services*, 23 Cl. Ct. 788, 790 (1991), *aff'd sub nom. Carlson v. Sec., Dept. of Health and Human Services*, 968 F.2d 1227 (Fed. Cir. 1992) ("At the outset, the court observes that the relevant facts are not in dispute, and the court was asked to review only issues of law."); *Stowe Potato Sales, Inc. v. Terry's, Inc.*, 224 B.R. 329, 331 (W.D. Va. 1998) (citing *United States v. Easley*, 216 B.R. 543, 545 (W.D.Va.1997) ("The facts are not in dispute, and the bankruptcy court's ruling was on a matter of law. Accordingly, its conclusions are subject to de novo review.")). In short, those factual issues under a Rule 12 standard of review were *not* before the district court.

Moreover, because of HealthPartners admissions, neither party argued the first two of the three elements to show a Title VII and MHRA violation because it was unnecessary.[4] HealthPartners' admissions based upon Cole's factual allegations

---

[4]Indeed, Cole reaffirmed HealthPartners was not moving on the first issue, "bona fide religious beliefs that conflicted with an employment requirement." Accordingly, Cole

Appellate Case: 23-3050     Page: 33     Date Filed: 11/15/2023 Entry ID: 5335841

supported what Cole needed to factually show that Cole had a bona fide religious belief that conflicted with an employment requirement, and that Cole informed HealthPartners of the religious belief.

In addition, by not presenting any argument regarding the sufficiency of the factual allegations in Cole's complaint, HealthPartners waived those arguments. In turn, Cole, relying on HealthPartners' admissions for the purposes of its motion to dismiss, did not raise those two elements as issues. *Davey v. City of Omaha*, 107 F.3d 587, 594 (8th Cir. 1997) (citing *Kramer v. Kemna*, 21 F.3d 305, 308 (8th Cir. 1994) ("Failure to give the district court a first opportunity to decid[e] the merits of an argument constitutes a waiver of that argument.")); *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1051 (8th Cir. 2021) (holding that a plaintiff had waived an argument by failing to raise it in opposition to the defendant's motion to dismiss); *cf. Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) ("The 'failure to oppose a basis for summary judgment constitutes waiver of that argument' ....") (quoting *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009)).

The district court specifically recognized HealthPartners' admissions for the purposes of its motion to dismiss:

---

did not argue that issue either. *See* HealthPartner's Reply Mem. at 1-16; R. Doc. 13 at 1-16.

> HealthPartners does not dispute the first two elements, namely, that Cole has a sincere religious belief that she communicated to HealthPartners.

> HealthPartners does not deny that Cole's religious beliefs and opposition to the vaccine are genuinely held.

App. 5; R. Doc. 19, at 5.

Yet, the district court claimed that "Cole fails to allege a bona fide religious belief that conflicts with an employment requirement nor did HealthPartners take any adverse employment actions against Cole because of her religion." App. 8; R. Doc. 19, at 8. But, HealthPartners admitted that Cole had bona fide religious beliefs *and* that it conflicted with an employment requirement. Because the parties admitted those facts were not in dispute, at least for the motion to dismiss, it left this Court with one issue to decide on the matter of law regarding the third *Jones* element to prove discrimination. *See Jones*, 319 F.3d 355, 359 (8th Cir. 2003); *see also, e.g., Stowe Potato Sales*, 224 B.R. at 331 (citing *Easley*, 216 B.R. at 545 (Where facts are not in dispute, and the bankruptcy court's ruling was on a matter of law)).

Regardless of the district court's obligation to "determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,'" for motions to dismiss, *Far. E. Aluminum Works Co.*, 27 F.4th at 1364 (quoting *Braden*, 588 F.3d at 594), that duty should end when the moving party admits to the alleged facts for purposes of a motion and waives those arguments.

Appellate Case: 23-3050     Page: 35     Date Filed: 11/15/2023 Entry ID: 5335841

Here, the district court erred by resurrecting the issue of bona fide religious beliefs previously admitted in the context of determining the *Jones* factors. App. 8, R Doc. 19, at 8.

## A. Bona fide religious beliefs is not an issue for a motion to dismiss.

Even if the parties were arguing over bona fide religious beliefs, that is a fact issue that is not appropriate for a motion to dismiss. "For purposes of ruling on this Motion [to dismiss], the Court concludes that NUIHC is not merely challenging the sincerity of Rogers's religious beliefs. If NUIHC were simply challenging the *sincerity* of Rogers's religious beliefs on this Rule 12(b)(6) Motion, *such an argument would fail.*" *Rogers v. Nebraska Urb. Indian Health Coal., Inc.*, No. 8:22-CV-410, 2023 WL 2990720, at *5 (D. Neb. Apr. 18, 2023) (emphasis added).

The reason is stated in many cases, including, *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 983 (8th Cir. 2004) (recognizing whether something "is a sincerely held religious belief is a factual determination"); *Vetter v. Farmland Indus., Inc.*, 120 F.3d 749, 752-53 (8th Cir. 1997) (noting "*[t]he jury had the duty* to determine whether [the defendant's] residence requirement interfered with the observance or practice of [the plaintiff's] religion or whether he chose to live elsewhere because of a purely personal preference") (emphasis added); *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002) ("Credibility issues such as the sincerity of an employee's religious belief are quintessential fact questions").

Appellate Case: 23-3050     Page: 36     Date Filed: 11/15/2023 Entry ID: 5335841

Cole pled extensively her detailed religious beliefs, the conflict, and HealthPartners' failure to engage in the obligated interactive process. The court erred in deciding element number one, bona fide religious beliefs were not pled, especially since the parties agreed it was not an issue in the motion.

**B. Even if bona fide religious beliefs was at issue, it was not appropriate for a Court to decide it at a motion to dismiss because Cole amply pled it.**

Cole pled repeatedly in her complaint that she had bona fide religious beliefs the conflicted with her taking the vaccine. *See* App. 14-15, 20-21, 24, 26; R. Doc. 1, at 1-2, 7-88, 11, 13 (¶¶ 1-2, 23, 29, 45-46, 59-60). All of Cole's pled religious beliefs must be accepted as true at the motion to dismiss stage, and all inferences construed in Cole's favor. *Hartman*, 39 F.4th at 545.

For all of these reasons, the Court's holding that "Cole fails to allege a bona fide religious belief that conflicts with an employment requirement," (App. 8-9; R. Doc. 19, at 8-9) was error. The district court's language reflected a misunderstanding of the case and record, and requires reversal.

**III. Reasonable accommodation and undue hardship are not proper issues to decide at a motion to dismiss, since they are both fact issues.**

The district court determined that HealthPartners reasonably accommodated Cole and any further or different accommodation would have been an undue hardship. The district court held that "*assuming HealthPartners had a duty to accommodate Cole's religious beliefs, it discharged that obligation by permitting Cole to wear a mask or other additional personal protective equipment at all times while in HealthPartners' facilities.*" *Id.* at 7.

26

The district court held as a matter of law, that Cole's religious objections to the vaccine were reasonably accommodated.

### A. Reasonable accommodation and undue hardship are fact issues that are inappropriate at a motion to dismiss.

Courts analyze "reasonable accommodation" and "undue hardship" together (reference to "interlocking issues of 'reasonable accommodation' and 'undue hardship.'" *Antoine v. First Student, Inc.*, 713 F.3d 824, 831 (5th Cir. 2013) (citing *Turpen v. Mo.-Kan.-Tex. R.R. Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984)). Cases reference "reasonableness and the avoidance of undue hardship," being distinct, but they also "overlap to a significant extent." *Haliye v. Celestica Corp.*, 717 F.Supp.2d 873, 880 (D. Minn. 2010) (Schiltz, J.) (citing *EEOC v. Firestone Fibers & Textiles, Co.*, 515 F.3d 307, 314 (4th Cir. 2008)).

The "unanimous weight of authority" "indicates that the 'reasonableness of any given accommodation is a fact-intensive inquiry that depends on the totality of the circumstances.'" *Maroko*, 778 F.Supp.2d at 1002 (denying employer's motion for summary judgment on the basis that the "reasonableness" of employer's "accommodation" was a fact issue) (citing *Haliye*, 717 F.Supp.2d at 878; *see also Antione*, 713 F.3d at 831 ("Whether an accommodation is reasonable is a question of fact."); *McWright v. Alexander*, 982 F.2d 222, 227 (7th Cir. 1992) ("As for the balance between 'reasonable accommodation' and 'undue hardship,' these matters are questions of fact and thus generally inappropriate for resolution on the pleadings.").

27

The Eighth Circuit has counseled that the reasonableness of a proposed accommodation "is a question for the jury because it turns on fact-intensive issues such as work demands [and] the strength and nature of the employee's religious conviction." *Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1033 (8th Cir. 2008). "What is reasonable depends on the totality of the circumstances." *Sturgill*, 512 F.3d at 1030.

The district court did not analyze "reasonable accommodation" other than to state if "Cole establishes a prima facie case, the burden shifts to her employer, HealthPartners, to show that it offered Cole a reasonable accommodation." App. 5; R. Doc. 19, at 5. The district court cited no authority for its decision that HealthPartners "*discharged that obligation [to reasonably accommodate] by permitting Cole to wear a mask or other additional personal protective equipment at all times while in HealthPartners' facilities.*" *Id.* at 7.

The district court cited *Wilson*, 58 F.3d at 1340, in the same paragraph as it held above, but provided no analysis of *Wilson* to support its ruling. App. 7; R. Doc. 19, at 7. The district court's lack of analysis is not surprising, since *Wilson* does not support a legal determination that Defendant's "accommodation" was "reasonable" at a motion to dismiss. *Wilson* was decided *after a trial* (*Wilson*, 58 F.3d at 1338), and therefore is not authority on what the court can decide on a motion to dismiss. *Seaworth v. Pearson*, 203 F.3d 1056 (8th Cir. 2000) (per curiam), is another case the district court cited (App. 5; R. Doc. 19, at 5), and it involved a pro se plaintiff suing

28

alleging religious discrimination because he was not hired. He was not hired because he refused to provide his social security number, which the Court found to not be an adverse action taken by the employer, but rather was taken by the IRS. *Seaworth*, 203 F.3d at 1057. Thus, neither of those cases supports the district court's ruling.

The district court also cited *Harrell v. Donahue*, 638 F.3d 975, 977 (8th Cir. 2011) as a "see also" add on. But *Harrell* doesn't support the district court's ruling either. In *Harrell*, the district court did not address whether the USPS had offered Harrell a reasonable accommodation because it found that granting Harrell's request for religious accommodation would have created an undue hardship: "We agree that accommodating Harrell's religious beliefs 'could not be accomplished without undue hardship.'" *Harrell*, 638 F.3d at 979 (citing *Brown v. Polk Cnty., Iowa (Brown II)*, 61 F.3d 650, 654 (8th Cir.1995)) (en banc) (quoting *United States v. Bd. of Educ.*, 911 F.2d 882, 887 (3d Cir.1990)). At the time of *Harrell*, the old *Hardison* standard controlled the "undue hardship" analysis, and according to *Harrell*, a summary judgment decision, undue hardship was determined on a "case by case" basis. *Harrell*, 638 F.3d at 979. Now the undue hardship analysis is much more stringent under, *Groff v. DeJoy*, and requires the court to find "a burden is substantial in the overall context of an employer's business." *Groff*, 600 U.S. at 468. There was no factual basis for the district court to have made any such finding of "undue hardship" to HealthPartners.

Thus, none of the cases the district court cited go anywhere near supporting the district court's conclusions. That "undue hardship" is a fact issue, and not

appropriate for a motion to dismiss is clear. *Haliye*, 717 F.Supp.2d at 878-881; *see also McWright*, 982 F.2d at 227 ("As for the balance between 'reasonable accommodation' and 'undue hardship,' these matters are questions of fact and thus generally inappropriate for resolution on the pleadings."); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 877 (9th Cir. 1989) ("[W]hether a particular accommodation would have imposed an undue hardship on the employer is a question of fact."); *Menuel v. Hertz Corp.*, No. 1:07-CV-3031-JTC-RGV, 2008 WL 11322934, at *4 (M.D. Ga. Nov. 10, 2008) (noting undue burden "is a question of fact that will depend on a variety of factors ... thus precluding dismissal of the Title VII claim"); *Doe 1 v. NorthShore Univ. Healthsystem*, No. 21-cv-05683, 2021 WL 5578790, at *4 (N.D. Ill. Nov. 30, 2021) ("Whether an employer can reasonably accommodate a person's religious beliefs without undue hardship is basically a question of fact.") (cleaned up). Thus, resolving Defendant's contentions concerning any purported hardship is inappropriate at this juncture.

In *Villareal v. Rocky Knoll Health Center*, No. 21-CV-729, 2021 WL 5359018, at *2 (E.D. Wis. Nov. 17, 2021), Rocky Knoll's motion to dismiss was denied on the basis that Plaintiff's allegations must be taken as true, and because the issue of whether accommodating her religious practice would cause Rocky Knoll undue hardship "cannot be resolved on the pleadings alone." *Villareal* further explained that whether accommodating Plaintiff's religious practice would cause Rocky Knoll undue hardship "cannot be resolved on the pleadings alone," and it "may be a proper basis

30

for a motion for summary judgment, but not for a motion to dismiss.") *Villareal*, No. 21-CV-729, 2021 WL 5359018, at *2 (E.D. Wis. Nov. 17, 2021). This was also a pre-*Groff v. DeJoy* case where the standard for "undue hardship" was much easier for the employer to demonstrate.

*Groff v. DeJoy* settled the undue hardship analysis. In *Groff*, the Supreme Court unanimously reversed the old *Hardison* standard, and held that the employer bears a much higher burden in establishing "undue hardship." *Groff*, 600 U.S. at 468. The new test is that "undue hardship" means "a burden is substantial in the overall context of an employer's business." *Id.* There certainly is no evidence in the record that continuing to employ Cole—as HealthPartners had done for over two years of the pandemic—would have represented a "burden … substantial in the overall context" of HealthPartners' "business."

Regardless of whether they are analyzed together or separately, they are both always fact issues not appropriate at a motion to dismiss.

## B. Cole Amply pled that her religious beliefs could have been reasonably accommodated without undue hardship.

Even if the reasonable accommodation and undue hardship issues should have been addressed, Cole pled numerous facts to defeat a motion to dismiss. App. 21, 24-25; R. Doc. 1, at 8, 11-12 (¶¶ 30, 50-52).

HealthPartners briefed that accommodating Cole was not reasonable, because it would result in undue hardship. *See* HealthPartner's Mem. to Dismiss at 14-15; R.

31

Doc. 8, at 14-15; HealthPartner's Reply Mem. at 12-15; R. Doc. 13 at 12-15. Cole pled extensively that she proposed reasonable accommodations, but HealthPartners did not consider them, or engage in an interactive process to try to resolve continuing to employ Cole without the discriminatory actions. App. 17, 21, 24-25; R. Doc. 1, at 4, 8, 11-12 (¶¶ 11, 30, 32, 50-52).

## C. Because Cole properly pled Title VII Violation, Cole also pled MHRA Claims.

As set forth above, Cole properly pled a Title VII violation. The district court dismissed Cole's religious discrimination claim under MHRA on the same basis as it dismissed the Title VII claim—lack of sincerely held religious beliefs. The district court properly held that the "analysis of the MHRA claim mirrors the analysis of the Title VII claim" (App. 8; R. Doc. 19, at 8), but the district court relied on its erroneous and inapplicable bona fide religious beliefs analysis to also dismiss Cole's MHRA claim. *Id.* at 8-9. Both claims were properly pled.

The district court correctly found that the MHRA and Title VII claims mirror each other, including the MHRA requiring employers to accommodate their employees' religious beliefs.

> The analysis of the MHRA claim mirrors the analysis of the Title VII claim. In interpreting the MHRA, courts apply both Minnesota case law and legal precedents arising under Title VII of the 1964 Civil Rights Act. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999). The presence of the state-law claim does not alter the Court's analysis. *Sigurdson v. Isanti Cnty.*, 386 N.W.2d 715, 719 (Minn. 1986) (analysis of MHRA claims parallels analysis of Title VII claims); *Benjamin v. Cty of Hennepin*,

32

1996 Minn. App. LEXIS 1329, at *3 (MN App. Nov. 26, 1996) (citing Title VII cases when considering failure-to-accommodate claim).

App. 8; R. Doc. 19, at 8.

The district court's determination that MHRA and Title VII have the same elements, including failure to reasonably accommodate, is presently disputed in the District of Minnesota. As a result of the district court's determination that the MHRA and Title VII elements are the same, the district court's dismissal of Cole's MHRA claim was also error.

Cole asks this Court to take notice of the district court decision in *Lee v. Seasons Hospice,* No. 22-CV-1593, 2023 WL 6387794 (D. Minn., Sept. 29, 2023), in which Judge Patrick Schiltz held "the MHRA does indeed require employers to reasonably accommodate the religious practices of their employees." *Lee* at 13. *Lee* found the Minnesota and federal courts applying Minnesota law "recognized the 'substantial similarities' between the MHRA and Title VII, "routinely apply Title VII case law when analyzing MHRA claims," and the "federal and states provisions regarding religious discrimination are almost identical." *Id.* at 13-14.

*Lee* found the MHRA is a remedial act, *Id.* at 10, and courts are to "'construe[ ] liberally' ... in order to accomplish its purpose of 'secur[ing] for persons in this state, freedom from discrimination.'" *Id* at 20; *see also Kenneh v. Homeward Bound, Inc.*, 944 N.W.2d 222, 229 (Minn. 2020) (citing *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 795 (Minn. 2013) (quoting Minn. Stat. §§ 363A.02, subd. 1(a), 363A.04)).

Appellate Case: 23-3050    Page: 44    Date Filed: 11/15/2023 Entry ID: 5335841

The *Lee* court traced the history of both Title VII and the MHRA, *Lee* at 15-17, and determined the MHRA imposes a duty to accommodate. *Id.* at 17. *Lee* found that Title VII imposed a duty of religious accommodation prior to the 1972 amendments that specifically added "accommodation." *Id.* at 15. Thus, Title VII included a duty of reasonable accommodation even when the text of Title VII did not reference accommodation, and the Title VII text was "indistinguishable" from the "current text of the MHRA." *Id. Lee* also stated the "Supreme Court (*Ansonia Bd. Of Educ. v. Philbrook*, 479 U.S. 60, 63 n.1 (1986)) found that pre-1972 version of Title VII imposed a duty of religious accommodation." *Lee* at 16. Thus, Title VII's change was to "limit" the duty to accommodate that already existed.

*Lee* further detailed other states that interpreted their state equivalents of the MHRA to include a duty to reasonably accommodate, and predicted "the Minnesota Supreme Court would conclude that the MHRA requires employers to reasonably accommodate the religious practices of their employees to the same extent that Title VII requires such an accommodation." *Id.* at 22.

The Minnesota Department of Human Rights also adheres to this interpretation.[5]

---

[5] *See Religious Accommodations in the Workplace*, MN DEPARTMENT OF HUMAN RIGHTS, https://mn.gov/mdhr/employers/reasonable-accommodations?#:~:text=Civil%20rights%20laws%20require%20an,undue%20hardship%20on%20an%20employer (last visited August 22, 2023) ("Civil rights laws require an employer to reasonably accommodate an individual's disability and/or religious beliefs or practices unless doing so would impose undue hardship on an

Appellate Case: 23-3050     Page: 45     Date Filed: 11/15/2023 Entry ID: 5335841

Thus, the Minnesota Court of Appeals, the United States District Court for the District of Minnesota as reported in *Cole* and *Lee;* and the Minnesota Department of Human Rights all adhere to the interpretation of religious discrimination under the MHRA as including an employer's obligation to reasonably accommodate employees' religious beliefs. The Minnesota Supreme Court (*Fletcher*) cited *Benjamin* approvingly, and now *Lee* has exhaustively explained the rationale.

*Lee* is also consistent with Minnesota's history of granting *at least* as many rights under state law as are granted under federal counterpart laws, if not more. For example, "[t]he Minnesota Constitution, Article I, § 16 affords *religious protections broader* than those contained in the federal constitution." *Brooks v. Roy*, 881 F. Supp. 2d 1034, 1053 (D. Minn. 2012) (emphasis added) (citing *State v. Hershberger*, 462 N.W.2d 393, 397 (Minn. 1990)); *see also Satanic Temple v. City of Belle Plaine, Minnesota*, 475 F. Supp. 3d 950, 959-60 (D. Minn. 2020); *Hill-Murray Fed'n of Teachers v. Hill-Murray High Sch.*, 487 N.W.2d 857, 864-65 (Minn. 1992).

The Minnesota Supreme Court has specifically held this with respect to the MHRA: "Historically, the Human Rights Act [MHRA] has provided *more expansive protections* to Minnesotans than federal law." *Henry v. Indep. Sch. Dist. #625*, 988 N.W.2d

---

employer," and "[a]n employer is required to reasonably accommodate the religious belief or practice of an employee or prospective employee, unless doing so would impose an undue hardship.").

Appellate Case: 23-3050     Page: 46     Date Filed: 11/15/2023 Entry ID: 5335841

868, 880 (Minn. 2023) (emphasis added) (addressing age discrimination claim under the MHRA) (citing *Kenneh*, 944 N.W.2d at 229).

Thus, religious rights should be *more protected* under the MHRA than they are under Title VII, and certainly not less protected. The MHRA should be construed as requiring HealthPartners to reasonably accommodate Cole's religious beliefs, just as *Lee* held Seasons Hospice was obligated to reasonably accommodate its employees.

## Conclusion

For the above reasons, the district court's decision should be reversed.

Dated: November 14, 2023.

<u>s/Gregory M. Erickson</u>
Gregory M. Erickson, 276522
Vincent J. Fahnlander 19220X
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
Email: erickson@mklaw.com
Email: kaardal@mklaw.com
*Attorneys for Appellants*

36

## CERTIFICATE OF COMPLIANCE

## WITH FED. R. APP. P. 32 (a)(7)

The undersigned certifies that the Brief submitted herein contains 8,636 words and complies with the type/volume limitations of the Federal Rules of Appellate Procedure 32(a)(7). This Brief was prepared using a proportionally spaced typeface of 14-point. The word count is stated in reliance on Microsoft Word 2016, the word processing system used to prepare this Brief.

/s/   Gregory M. Erickson

**CERTIFICATES OF SERVICE**

**FOR DOCUMENTS FILED USING CM/ECF**

Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on November 14, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/    Gregory M. Erickson

38