# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

————————

**PAMELA COLE,**
*Plaintiff-Appellant,*

vs.

**GROUP HEALTH PLAN, INC.**
*Defendant-Appellee.*

————————

On Appeal from the
United States District Court for the District of Minnesota
Case No. 0:22-cv-02686-WMW-LIB

————————

**BRIEF OF APPELLEE**
**GROUP HEALTH PLAN, INC.**

————————

Jody Ward-Rannow, MN #0387098
Nathan T. Boone, MN #0398989
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P. C.**
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612.339.1818
Facsimile: 612.339.0061
jody.ward-rannow@ogletree.com
nathan.boone@ogletree.com
*Attorneys for Appellee Group Health*
*Plan, Inc.*

i

## SUMMARY OF THE CASE AND ORAL ARGUMENT REQUEST

Appellant Pamela Cole ("Cole") appeals the Rule 12(b)(6) dismissal of her Minnesota Human Rights Act ("MHRA") and Title VII religious harassment claims against her employer, Appellee Group Health Plan, Inc. ("HealthPartners").

The District Court properly granted Rule 12 dismissal on Cole's discrimination and failure to accommodate claims. Cole's Complaint fails to state these claims as a matter of law. The Complaint alleges that HealthPartners required employees to take the COVID-19 vaccine or obtain a religious or medical exemption from vaccination. Cole admits that HealthPartners granted her request for religious exemption and did not require her to get vaccinated. Cole's dispute is with HealthPartners' requirement that all unvaccinated employees wear a mask in non-patient areas and that leaders knew their employees' vaccination status to enforce the masking requirement. Cole does not have a religious objection to masking.

Cole does not dispute that, after HealthPartners granted her vaccine exemption, she has had no conflict between her religion and her job. She does not dispute that all unvaccinated employees, including those who do not share Cole's religious beliefs, were treated the same and required to mask. Cole does not allege that she was terminated, demoted, or otherwise experienced any tangible employment action as a result of her religious beliefs. For all of these reasons the District Court properly dismissed Cole's Complaint. This Court should affirm that dismissal. HealthPartners requests 15 minutes of oral argument per side.

ii

## CORPORATE DISCLOSURE STATEMENT

Group Health Plan, Inc.'s parent corporation is HealthPartners, Inc. There are no publicly-held corporations that own 10% or more of the stock of Group Health Plan, Inc.

HealthPartners, Inc. has no parent corporation. There are no publicly-held corporations that own 10% or more of the stock of HealthPartners, Inc.

Appellate Case: 23-3050     Page: 3     Date Filed: 12/18/2023 Entry ID: 5345444

# TABLE OF CONTENTS

SUMMARY OF THE CASE AND ORAL ARGUMENT REQUEST .............. ii

CORPORATE DISCLOSURE STATEMENT ................................................. iii

TABLE OF CONTENTS ....................................................................... iv

TABLE OF AUTHORITIES ................................................................... v

STATEMENT OF THE ISSUES ........................................................... 1

STATEMENT OF THE CASE ................................................................ 4

SUMMARY OF THE ARGUMENT ...................................................... 6

ARGUMENT ......................................................................................... 8

    I.      Standard of Review and the Motion to Dismiss Standard. .............................................................................. 8

    II.     The District Court Properly Dismissed Appellant's Claims Because She Failed To Plead Facts Sufficient To Set Forth A Plausible Claim Of An Adverse Employment Action As A Matter Of Law............................................... 11

    III.    Appellant Misstates The District Court's Holding And Appellee's Arguments Regarding Appellant's Bona Fide Religious Beliefs. ............................................................. 15

    IV.    Appellant Did Not Plead Sufficient Facts To Set Forth A Plausible Claim Of Failure To Accommodate Under Title VII Or The MHRA And Appellee HealthPartners Reasonably Accommodated Appellant Cole's Bona Fide Religious Beliefs, As A Matter Of Law.............................. 17

CONCLUSION ....................................................................................... 26

CERTIFICATE OF WORD LIMIT COMPLIANCE ....................................... 28

CERTIFICATE OF SERVICE ................................................................... 29

Appellate Case: 23-3050    Page: 4    Date Filed: 12/18/2023 Entry ID: 5345444

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alleruzo v. SuperValu, Inc.*,
  925 F.3d 955 (8th Cir. 2019) ................................................................10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ...............................................................9, 10

*Bare v. Cardinal Health, Inc.*,
  2022 WL 702593 (E.D. Tenn. March 8, 2022) ................................14

*Beckerich v. St. Elizabeth Medical Center*,
  563 F. Supp. 3d 633 (E.D. Kent. 2021) ............................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ..............9, 10

*Bey v. City of New York*,
  999 F.3d 157 (2d Cir. 2021) .............................................................25

*Biden v. Missouri*,
  142 S. Ct. 647 (2022) ........................................................................22

*Blomker v. Jewell*,
  831 F.3d 1051 (8th Cir. 2016) ..........................................................10

*Breshears v. Oregon Department of Transportation*,
  2023 WL 136550 (D. Oregon Jan. 9, 2023) ......................................21

*Brooks v. Midwest Heart Group*,
  655 F. 3d 796 (8th Cir. 2011) ...........................................................18

*Burcham v. City of Los Angeles*,
  562 F. Supp. 3d 694 (C.D. Cal. Jan. 7, 2022) ...................................14

*Clegg v. Ark. Dep't of Corr.*,
  496 F.3d 922 (8th Cir. 2007) ............................................................12

*Does 1-2 v. Hochul*,
  2022 WL 4637843 (E.D.N.Y. Sept. 30, 2022) ..................................24

Appellate Case: 23-3050     Page: 5     Date Filed: 12/18/2023 Entry ID: 5345444

*Duffy v. McPhillips*,
276 F.3d 988 (8th Cir. 2002) ..............................................................12

*Egelkrout v. Aspirus, Inc.*,
No. 22-CV-118-BBC, 2022 WL 2833961 (W.D. Wis. July 20,
2022) .....................................................................................................20

*Groff v. DeJoy*,
600 U.S. 447 (2023)..............................................................................26

*Harlston v. McDonnell Douglas Corp.*,
37 F.3d 379 (8th Cir. 1994) ..................................................................12

*Hebert v. City of Fifty Lakes*,
744 N.W.2d 226 (Minn. 2008) ...............................................................8

*Huynh v. United States DOT*,
794 F.3d 952 (8th Cir. 2015) ................................................................11

*K.T. v. Culver-Stockton College*,
865 F.3d 1054 (8th Cir. 2017) ................................................................8

*Lowe v. Mills*,
2022 WL 3542187 (D. Maine. Aug. 18, 2022) .....................................24

*Odunlade v. City of Minneapolis*,
No. 27-CV-10-26849, 2011 WL 3925620 (Minn. Tax Regular Div.
Aug. 31, 2011) ........................................................................................8

*Ollis v. HearthStone Homes, Inc.*,
495 F.3d 570 (8th Cir. 2007) ................................................................11

*Rester v. Stephens Media, LLC*,
739 F.3d 1127 (8th Cir. 2014) ..............................................................12

*Seaworth v. Pearson*,
203 F.3d 1056 (8th Cir. 2000) (per curiam) ...................................18, 24

*Sturgill v. United Parcel Service, Inc.*,
512 F.3d 2014 (8th Cir. 2008) ..............................................................18

*Swierkiewicz v. Sorema*,
534 U.S. 506 (2002).............................................................................10

Appellate Case: 23-3050    Page: 6    Date Filed: 12/18/2023 Entry ID: 5345444

*Wagner v. Campbell*,
    779 F.3d 761 (8th Cir. 2015) .............................................................................12

*Wilson v. U.S. W. Commc'ns*,
    58 F.3d 1337 (8th Cir.1995) .......................................................................17, 18

**Statutes**

42 U.S.C. §§ 2000e(j), 2000e–2(a)(1) ....................................................................24

Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq...........................25, 26

Civil Rights Act of 1964 Title VII, 42 U.S.C. §§ 2000e, et seq...............................6

Minnesota Human Rights Act, Minn. Stat. §§ 363A........................6, 10, 15, 17, 26

**Other Authorities**

86 Fed. Reg. 61555 (2021) .....................................................................................21

Federal Rule of Civil Procedure 12(b)(6) .................................................................8

*Revised Guidance for Staff Vaccination Requirements*, Center for
    Medicare & Medicaid Services, Ref: QSO-23-02-All, p.40 (Oct.
    26, 2022), https://www.cms.gov/files/document/qs0-23-02-all.pdf..................22

Appellate Case: 23-3050    Page: 7    Date Filed: 12/18/2023 Entry ID: 5345444

# STATEMENT OF THE ISSUES

**Issue 1**:  Did Appellant Cole plead facts sufficient to set forth a plausible claim of an adverse employment action—which is the third element of the claim for religious discrimination—when the employer mandated specific and visible labeling of an employee's disclosed medical condition of not having a COVID-19 vaccine because of her sincerely held religious beliefs?

**Apposite cases:**

- *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015).

- *Huynh v. United States DOT*, 794 F.3d 952, 958 (8th Cir. 2015).

- *Duffy v. McPhillips*, 276 F.3d 988, 991–92 (8th Cir. 2002).

**Answer**:  No. Appellant did not plead facts sufficient to set forth a plausible claim of an adverse employment action. Appellant has not alleged that her employment was negatively impacted such that an adverse employment action could have occurred as a matter of law.

**Issue 2**:  Did the District Court mistakenly address and determine the issue of Cole's bona fide religious beliefs—factor number one from the religious discrimination test—that conflicted with an employment requirement?

**Answer**:   No. Appellant misstates the District Court's holding and Appellee's argument. Appellee did not dispute that Appellant had a sincerely held religious belief that prevented her from getting vaccinated, which is the first factor. Similarly,

1

the District Court did not decide this issue. Instead, Appellee disputed that Appellant had a religious objection to wearing a mask and not having a badge lock. Appellant's counsel confirmed at the motion hearing that Appellant does not have any religious objections to wearing a mask. The District Court rightly decided that the accommodation provided by Appellee resolved Appellant's her religious objection to a work requirement and that she has no further religious objections to any other work requirement to sustain a viable religious discrimination or failure to accommodate claim.

**Issue 3**:  Did Appellant Cole plead sufficient facts to set forth a plausible claim of failure to accommodate under both Title VII and the MHRA?

**Apposite cases:**

- *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994).

- *Duffy v. McPhillips*, 276 F.3d 988, 991–92 (8th Cir. 2002).

- *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

- *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015).

**Answer**: No. Appellant Cole did not allege sufficient facts to state a plausible claim of failure to accommodate under either statute. Appellant admits that the exemption from vaccination resolved any conflict between her religion and her job. This is a reasonable accommodation as a matter of law.

2

**Issue 4:** Did Appellee reasonably accommodate Appellant's sincerely held religious beliefs, as a matter of law? Appellant asserts that this issue includes the question of whether Appellee would have incurred an undue burden by providing a different accommodation to Appellant.

**Apposite cases:**

- *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977).

**Answer:** Yes, Appellee reasonably accommodated Appellant's sincerely held religious beliefs as a matter of law. This issue does not require the Court to reach the question of undue burden. Even if it did, Appellee would still prevail because requiring an entity to violate a law in order to provide an accommodation is an undue hardship as a matter of law.

Appellate Case: 23-3050    Page: 10    Date Filed: 12/18/2023 Entry ID: 5345444

## STATEMENT OF THE CASE

Cole alleges[1] that she is employed by HealthPartners as a physical therapist. (App. 17 at ¶ 9, R. Doc. 1, at ¶ 9.)  In August 2021, HealthPartners implemented a vaccine program that required all employees to either obtain COVID-19 and influenza vaccinations, or to request a religious or medical exemption. (App. 17-18 at ¶¶ 13, 14, R. Doc. 1, at ¶¶ 13, 14.) If granted an exemption, an employee was required to wear "a medical grade PPE mask at all times while working in a HealthPartners facility" and "additional PPE as appropriate…." (App. 17 at ¶ 14, R. Doc. 1, at ¶ 14.)  An employee's exemption status was available to the employee's leader in order to ensure compliance with infection prevention measures. (App. 18 at ¶ 15, R. Doc. 1, at ¶ 15.)

Cole alleges that she is an "unvaccinated employee." (*Id.*) She claims that vaccinated employees were distinguished from unvaccinated employees with "an orange badge lock (which represents the Covid-19 vaccine primary series)". (App. 18-19 at ¶ 16, R. Doc. 1, at ¶ 16.)   She claims HealthPartners only allowed employees wearing the orange badge lock to remove their masks in administrative facilities and non-patient care areas of HealthPartners hospitals and clinics. (App. 18-19 at ¶ 16, R. Doc. 1, at ¶ 16.)  Unvaccinated employees could not complete the

---

[1] HealthPartners accepts the truth of the allegations in Plaintiff's Complaint for purposes of its motion to dismiss and this appeal, only.

Appellate Case: 23-3050     Page: 11     Date Filed: 12/18/2023 Entry ID: 5345444

administrative process to obtain and wear the badge lock. (App. 18-19 at ¶ 16, R. Doc. 1, at ¶ 16.)

Cole claims that, in practice, unvaccinated employees were marked by the absence of the orange badge lock. (App. 19 at ¶ 17, R. Doc. 1, at ¶ 17.) She alleges that some employees criticized other employees for not having the badge lock. (App. 19 at ¶ 17, R. Doc. 1, at ¶ 17.) To avoid uncomfortable situations, Cole would attend meetings via Zoom, rather than in person. (App. 19 at ¶ 17, R. Doc. 1, at ¶ 17.)

Cole claims that employees who did not remove their masks in administrative facilities or non-patient areas would be known to be unvaccinated. (App. 19 at ¶ 18, R. Doc. 1, at ¶ 18.) She argues that the badge locks were intended to be a "public indication of vaccination status." (App. 19 at ¶ 19, R. Doc. 1, at ¶ 19.) Employees were required to follow the vaccine program rules or lose their job. (App. 20 at ¶ 20, R. Doc. 1, at ¶ 20.)

Cole practices the Eckankar religion and states that it is against her religious beliefs to allow the Covid-19 vaccine into her body. (App. 20 at ¶ 23, R. Doc. 1, at ¶ 23.) Cole admits that HealthPartners granted her a religious exemption from vaccination, but claims she has been "treated differently" by:

- not being given an Orange Badge Lock;
- having to wear a medical grade mask;
- having her religious exemption information known to her supervisors;
- having her religious exemption status known "to all employees" due to the absence of an Orange Badge Lock; and

5

- not being able to remove her mask in administrative and non-patient care areas of HealthPartners hospitals and clinics.

(App. 20-21 at ¶ 27, R. Doc. 1, at ¶ 27.)

Cole filed a charge of discrimination with the EEOC and received a right to sue letter dated July 27, 2022. (App. 21 at ¶ 28, R. Doc. 1, at ¶ 28.) Cole filed the instant action on October 25, 2022, claiming that HealthPartners' actions constitute religious discrimination and a failure to accommodate under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and religious discrimination under the Minnesota Human Rights Act, Minn. Stat. §§ 363A, et seq. ("MHRA"). (App. 23-27 at ¶¶ 42-66, R. Doc. 1, at ¶¶ 42-66.) As outlined in detail below, both claims fail as a matter of law. The District Court properly dismissed Cole's Complaint. This Court should affirm the District Court's dismissal.

## SUMMARY OF THE ARGUMENT

Appellant Pamela Cole ("Cole") fails to state a claim upon which relief can be granted because, although she has a sincerely held religious belief against vaccination, she does not have a sincerely held religious belief against wearing a mask. The District Court correctly held that Cole failed to state a claim because the accommodation provided by HealthPartners resolved any conflict between Cole's religion and her job. In such a circumstance, the Eighth Circuit has held that no religious discrimination claim exists.

6

It is undisputed that Cole applied for a religious exemption from vaccination and HealthPartners granted her exemption request. Cole has never been required to choose between getting vaccinated and keeping her job. In fact, she does not allege that she has ever been required violate her religion in order to keep her job. Instead, Cole argues that it was a violation of the law for HealthPartners to require her to wear a mask in non-patient areas because she did not want to wear a mask – not because her religion prohibited her from wearing a mask.

Similarly, Cole has not stated a claim of religious discrimination as a matter of law because she has not alleged an adverse action or that she was treated differently than similarly situated employees who do not hold her religious beliefs. Cole has not alleged that HealthPartners has taken any tangible employment action against her in any way. Cole remains employed with HealthPartners—further demonstrating that she was reasonably accommodated.

Cole also has not alleged any facts to show that she was treated differently than similarly situated employees who do not share her religious beliefs. Throughout her brief to this Court and in her District Court filings Cole argued that "vaccinated" employees were treated differently than "unvaccinated" employees. Cole does not dispute that there are unvaccinated employees with medical exemptions. She does not dispute that unvaccinated employees with medical exemptions were treated the same as unvaccinated employees with religious exemptions. Because Cole alleges

7

that similarly situated employees (medically-exempted unvaccinated employees) were treated the same as her, the District Court correctly held that Cole did not state a claim for religious discrimination as a matter of law. The Court should affirm the dismissal of Cole's Complaint in its entirety with prejudice.

## ARGUMENT

### I. Standard of Review and the Motion to Dismiss Standard.

This Court reviews the District Court's Federal Rule of Civil Procedure 12(b)(6) dismissal order *de novo*, applying the same standard as the District Court. *K.T. v. Culver-Stockton College*, 865 F.3d 1054, 1057 (8th Cir. 2017).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim of relief that is plausible on its face." *Odunlade v. City of Minneapolis*, No. 27-CV-10-26849, 2011 WL 3925620, at *5 (Minn. Tax Regular Div. Aug. 31, 2011) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); *see Hebert v. City of Fifty Lakes,* 744 N.W.2d 226, 235 (Minn. 2008) (referencing *Twombly*).

Under *Twombly*,

a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do** . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true.

8

*Twombly,* 127 S. Ct. at 1964-65 (emphasis added). Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 127 S. Ct. at 1968. Rather, the complaint's facts must be sufficient to "nudge . . . claims across the line from conceivable to plausible." *Twombly*, 127 S. Ct. at 1974.

In the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court explained the *Twombly* standard as follows:

> Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . . [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . ***While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.***

*Iqbal*, 129 S. Ct. at 1954 (emphasis added) (Allegations that government "knew of, condoned, and willfully and maliciously agreed to subject [Iqbal] to harsh conditions . . . solely on account of [Iqbal's] religion, race, and/or national origin" were insufficient to nudge discrimination claims "across the line from conceivable to plausible.").

The factual allegations need not be detailed but must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff, however, must offer more than "labels and conclusions" or a "formulaic recitation

of the elements of a cause of action….” *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded by the court. *See Iqbal*, 556 U.S. at 678–79. Whether a complaint states a plausible claim is a “context-specific task that requires the reviewing court to draw on its judicial experience and common sense.” *Alleruzo v. SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

While the Supreme Court has recognized that a *prima facie* case is an “evidentiary standard, not a pleading requirement.” *Swierkiewicz v. Sorema*, 534 U.S. 506, 510, 512 (2002), elements of the *prima facie* case “are part of the background against which a plausibility determination should be made.” *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citations omitted). “The elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim.” *Id*.

Here, as shown below, Cole’s claims of religious discrimination under Title VII and the MHRA are not plausible. Her claims fail to identify an adverse employment action. Her claims fail to allege that she was treated differently *because of* her religion. This Court should affirm the District Court’s dismissal of Cole’s Complaint with prejudice.

10

## II. The District Court Properly Dismissed Appellant's Claims Because She Failed To Plead Facts Sufficient To Set Forth A Plausible Claim Of An Adverse Employment Action As A Matter Of Law.

On appeal, Cole argues that she sufficiently pled an adverse employment action "when the employer mandated specific and visible labeling of an employee's disclosed medical condition of not having a COVID-19 vaccine because of her sincerely held religious beliefs…."[2] The District Court correctly concluded that this did not sufficiently plead an adverse action as a matter of law.

To establish a *prima facie* case of religious discrimination, a plaintiff must show she (1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed the employer of such conflict, and (3) suffered an adverse employment action. *Ollis v. HearthStone Homes, Inc*., 495 F.3d 570, 575 (8th Cir. 2007).

Assuming that the first two elements are established, Cole has not alleged the third element. An adverse employment action means "termination, demotion, transfers involving changes in pay or working conditions, and negative evaluations used as the basis for other employment actions." *Huynh v. United States DOT*, 794 F.3d 952, 958 (8th Cir. 2015) (other citation omitted). The Eighth Circuit has

---

[2] At one point Cole argued in her brief that she sufficiently pled adverse action because she pled constructive discharge. This appears to be an error from another case. (App. Br. p.20). Cole did not plead constructive discharge. In fact, she remains employed with HealthPartners.

repeatedly defined an adverse employment action to be "a tangible change in working conditions that produces a material employment disadvantage [which can include] changes that affect an employee's future career prospects." *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015). Not everything that makes an employee unhappy is actionable, *Duffy v. McPhillips*, 276 F.3d 988, 991–92 (8th Cir. 2002), and minor or unpalatable changes in duties or working conditions do not rise to the level of adverse employment action. *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007). The key question is whether a reasonable employee would have found the employer's action to be materially adverse. *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1132 (8th Cir. 2014), *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994) ("Changes in duties or working conditions that cause no materially significant disadvantage, such as Harlston's reassignment, are insufficient to establish the adverse conduct required to make a prima facie case").

Here, Cole does not allege that she has been terminated, demoted, or suffered *any* adverse action due to her religion. Cole cites a laundry list of things that happened to "employees" and comments made by politicians and celebrities as alleged "adverse actions," including:

- Being required to "dress differently." (App. 14-15 at ¶ 2, R. Doc. 1, at ¶ 2.)

12

- Being required to "wear protective gear" when vaccinated employees were not similarly required to wear protective gear. (App. 14-15 at ¶ 2, R. Doc. 1, at ¶ 2.)
- Being required to "observe additional infection prevention/source control measures" if employees sought a religious or medical exemption. (App. 18 at ¶ 14, R. Doc. 1, at ¶ 14.)
- Wearing a medical grade PPE mask at all times. (App. 18 at ¶ 14, R. Doc. 1, at ¶ 14.)
- Wearing additional PPE as appropriate. (App. 18 at ¶ 14, R. Doc. 1, at ¶ 14.)
- Being forced to disclose the "status." (App. 18 at ¶ 15, R. Doc. 1, at ¶ 15.)
- Being forced to reveal "exemption request (approved or denied)." (App. 18 at ¶ 15, R. Doc. 1, at ¶ 15.)
- Not being given or being permitted to wear an orange badge lock. (App. 18-19 at ¶ 16, R. Doc. 1, at ¶ 16.)
- Being known as "unvaccinated." (App. 19 at ¶ 18, R. Doc. 1, at ¶ 18.)
- HealthPartners' indication that the orange badge lock shows "up-to-date vaccination status." (App. 19 at ¶ 19, R. Doc. 1, at ¶ 19.)
- Having to wear a different "medical grade" mask. (App. 20-21 at ¶ 27, R. Doc. 1, at ¶ 27.)
- Having vaccination status "known to all employees and staff…" (App. 20-21 at ¶ 27, R. Doc. 1, at ¶ 27.)
- Public statements by TV personalities, politicians, and comedians denigrating unvaccinated individuals. (App. 11, R. Doc. 12 at 8.)

These are not adverse actions as a matter of law. None of these allegations is a tangible change to Cole's working conditions that produced a material employment disadvantage. Under Cole's theory, every employee had their vaccination status disclosed to their leader so their leader knew who required additional infection prevention measures by federal rule. This disclosure cannot be an adverse action against Cole. A healthcare provider wearing a medical grade mask or PPE at all

Appellate Case: 23-3050   Page: 20   Date Filed: 12/18/2023 Entry ID: 5345444

times to comply with public health emergency rules is not a tangible change to working conditions that materially disadvantages an employee's future career prospects. The Court should not set a precedent that there is a fact issue on this point. To do so would create significant public health risks. Cole does not allege that HealthPartners fired, demoted, transferred, or gave her a negative evaluation.

Other federal courts have dismissed claims under Title VII when an employee objects to a COVID-19 vaccination requirement but is granted an exemption because there is no "adverse action" that is at all connected to the protected status. *See Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 708 (C.D. Cal. Jan. 7, 2022) (dismissing Title VII claim and holding that the plaintiffs failed to establish a *prima facie* case of religious discrimination because although they "allege that they have submitted requests for religious exemptions, at no point in the [complaint] do they state that those requests have been denied" and therefore the "[p]laintiffs do not plausibly allege that [the d]efendants have discriminated, or threatened to discriminate, against them"); *Bare v. Cardinal Health, Inc.*, 2022 WL 702593 at *4-6 (E.D. Tenn. March 8, 2022) (granting employer's motion to dismiss Title VII religious discrimination claim where employee claimed to have "suffered mental and emotional anguish" from COVID-19 policy but was granted a religious exemption and remained employed); *see also Beckerich v. St. Elizabeth Medical Center*, 563 F. Supp. 3d 633, 642 (E.D. Kent. 2021) (denying injunctive relief on

14

Title VII religious discrimination claim, reasoning that no plaintiff in the case had been denied a religious exemption who wanted one, and for that reason, the plaintiffs cannot show "discharge or discipline" from the employer—essentially the same as "adverse action").

Because Cole has not identified an adverse employment action in her Complaint—and she cannot—her argument that she suffered religious discrimination under Title VII or the MHRA is not plausible under *Iqbal* or *Twombly*. This Court should affirm the District Court's dismissal of Cole's Complaint.

### III. Appellant Misstates The District Court's Holding And Appellee's Arguments Regarding Appellant's Bona Fide Religious Beliefs.

Cole argues that the District Court mistakenly addressed and determined the issue of Cole's bona fide religious beliefs, an element of a religious discrimination and failure to accommodate claim. Cole argues that this requires reversal of the Court's decision. Cole misstates the Court's analysis and holding. Cole further misstates HealthPartners' argument. Cole alleges that she has a bona fide religious objection to taking the COVID-19 vaccine. Both the District Court and HealthPartners took this as true for purposes of the motion to dismiss.

To accommodate that belief, HealthPartners granted Cole an exemption from vaccination. HealthPartners required all unvaccinated employees to mask in all areas. Cole's counsel admitted at the District Court hearing that his client does not

Appellate Case: 23-3050     Page: 22     Date Filed: 12/18/2023 Entry ID: 5345444

have a religious conflict with masking. Thus, HealthPartners, the District Court, and Cole's counsel all agree that Cole does not have a religious objection to masking, which is the employment requirement she actually disputes in this case. Consistent with Eighth Circuit precedent, the District Court properly held that this does not state a claim as a matter of law.

In her brief, Cole attempts to conflate the step-by-step analysis conducted by the District Court and HealthPartners to make it appear as though the District Court's holding is based on an analysis of whether Cole held *any* bona fide religious beliefs regarding vaccination. This is untrue. What the District Court held (and HealthPartners argued) is that a religious discrimination/failure to accommodate claim fails once the religious conflict is resolved because at that point the Plaintiff can no longer meet her burden to establish a then-existing employment requirement that conflicts with her bona fide religious beliefs. The flaw in Cole's argument is that she collapses the timeline of events to argue that HealthPartners and the District Court did not acknowledge her bona fide religious belief against vaccination. The correct analysis under Eighth Circuit precedent is as follows:

1. HealthPartners had a rule that employees had to take the COVID-19 vaccine or obtain a medical or religious exemption.

2. Cole had a bona fide religious objection to vaccination, so she sought a religious exemption from vaccination.

3. HealthPartners granted the religious exemption.

16

4.     With an exemption from vaccination, the employment rule Cole was required to follow was that she must wear a mask in all areas, including non-patient areas.

5.     Cole admits that she does not have a bona fide religious belief in conflict with the employment rule to wear a mask in all areas. Accordingly, HealthPartners had no Title VII or MHRA obligation to further "accommodate" Cole's desire to not wear a mask in non-patient areas.

HealthPartners made this argument at the District Court and the District Court agreed. This is the law of the Eighth Circuit. Cole is not entitled to the accommodation of her choice. She is entitled to an accommodation that resolves the conflict between her job and her religion. Cole received just such an accommodation. The Court should affirm the District Court's dismissal of Cole's Complaint in its entirety.

**IV.     Appellant Did Not Plead Sufficient Facts To Set Forth A Plausible Claim Of Failure To Accommodate Under Title VII Or The MHRA And Appellee HealthPartners Reasonably Accommodated Appellant Cole's Bona Fide Religious Beliefs, As A Matter Of Law.**

In addition to the fact that Cole cannot establish a plausible case of religious discrimination, the District Court properly dismissed Cole's Complaint because HealthPartners provided a reasonable accommodation to Cole.

If a plaintiff establishes a *prima facie* case, the burden shifts to the employer to show that it offered the plaintiff a reasonable accommodation, *Wilson v. U.S. W. Commc'ns*, 58 F.3d 1337, 1340 (8th Cir.1995), or that accommodating the plaintiff

would result in an undue hardship. *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (per curiam).

Here, Cole admits that she requested a religious exemption from vaccination as an accommodation and HealthPartners granted her a "religious exemption." (App. 20-21 at ¶ 27, R. Doc. 1, at ¶ 27.)  As a matter of law, that religious exemption accommodation is "reasonable." District courts may determine if an accommodation is reasonable as a matter of law. *See Wilson v. U.S. West Communications*, 58 F.3d 1337, 1341 (8th Cir. 1995) (affirming district court's conclusion that accommodation of religious views by employer was reasonable as a matter of law). As the Eighth Circuit has held, an accommodation is "reasonable as a matter of law if it eliminates a religious conflict…" *Sturgill v. United Parcel Service, Inc.*, 512 F.3d 2014, 1031 (8th Cir. 2008).

Cole claims that whether the accommodation provided by HealthPartners is reasonable is a fact question not appropriate for resolution on a motion to dismiss.[3]

---

[3] Cole notes certain cases upon which HealthPartners relies were decisions on summary judgment, rather than motions to dismiss. In either case, though, the Court is required to take a non-moving parties' factual assertions as true for the purposes of the motion. *See Brooks v. Midwest Heart Group*, 655 F. 3d 796, 801 (8th Cir. 2011) ("The court was required to accept Brooks's specific allegations as true, whether on a motion for summary judgment or a motion to dismiss for failure to state a claim"). There is no difference for the purpose of this case between cases on motions for summary judgment or motions to dismiss that address whether an accommodation is reasonable as a matter of law or whether a plaintiff's preferred accommodation presents an undue burden. This is especially true where, as here, the determinative facts are known: whether Cole has a religious objection to masking

(R. Doc. 12 at 24.) Cole claims that she sufficiently pled facts to make her failure to accommodate claim plausible. However, Coles admits that she does not have a religious objection to masking. She admits that there is no longer a conflict between her religion and a workplace rule. This prevents her from pleading a plausible failure to accommodate claim as a matter of law. Discovery cannot change this fact. Consistent with *Sturgill*, the accommodation provided by HealthPartners is reasonable as a matter of law.

In *Egelkrout v. Aspirus, Inc.*, a case brought by Cole's counsel on behalf of another client, the court granted Defendant's motion to dismiss in very similar circumstances. In that case, the plaintiff had a religious objection to vaccination. The employer did not require her to vaccinate but required COVID-19 testing instead. The court stated in relevant part:

> The first question in a Title VII religious discrimination case is "whether the employee's job obligations are in conflict with [her] religious obligations ... [for] absent a conflict, it makes no sense to speak of a duty to accommodate; there is no competing claim on the employee for which the employer must make adjustments." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 76 (1986)(Stevens, J., concurring in part and dissenting in part). … [D]efendant required its employees to either (a) get vaccinated, or (b) submit to testing. Clearly, plaintiff thinks option (b) was unreasonable, but she does not allege or argue that the testing option conflicted with her religious obligations. Having acknowledged that she was given an alternative that did not conflict with her religious observances, plaintiff has pled her way out

and whether CMS required employers to treat vaccinated and unvaccinated employees differently during the relevant period.

19

of the first element of her claim. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 88 (1977) duty to accommodate arises when the employee can comply with the employer's rule "only by violating what the employee views as a religious commandment") (Marshall, J., dissenting)(emphasis added).

Even if I were to adopt plaintiff's view of the testing requirement as an "accommodation" of her religious opposition to vaccination, her complaint still fails to state an actionable claim of religious discrimination under Title VII. As plaintiff's brief makes clear, her claim that the testing requirement was unreasonable is based on her view that defendant was required to "work with her" and offer alternatives to the testing requirement that did not require her to take a nasal swab test at one of defendant's facilities. Br. in Supp., dkt. #9, at 7. She is mistaken. In *Philbrook*, 479 U.S. at 68, the Supreme Court ruled that "any reasonable accommodation by the employer is sufficient to meet its accommodation obligation," and that an employer who has offered such "need not further show that each of the employee's alternative accommodations would result in undue hardship." Thus, it is irrelevant that plaintiff proposed alternatives that she insists would have addressed her concerns about Covid-19 transmission without subjecting defendant to any undue hardship. An employee is not entitled to the accommodation of her choice, just a reasonable one. *Wright v. Runyon*, 2 F.3d 214, 217 (7th Cir. 1993) ("The USPS admittedly did not investigate every possible way in which Wright could avoid a conflict between his work requirements and his religious practices. But, by providing at least one reasonable accommodation, the USPS discharged its obligations."). Here, assuming defendant had a duty to accommodate plaintiff's religious beliefs, it discharged that obligation by permitting her to submit to biweekly Covid-19 testing at one of defendant's facilities. Because that option "eliminate[d] the conflict between [defendant's] employment requirements and [plaintiff's] religious practices," it was reasonable.

*Egelkrout v. Aspirus, Inc.*, No. 22-CV-118-BBC, 2022 WL 2833961, at *3 (W.D. Wis. July 20, 2022). Moreover, at least one federal court has concluded that offering a masking accommodation to a religious objection to a COVID-19 vaccine

requirement is a reasonable accommodation as a matter of law. *See Breshears v. Oregon Department of Transportation,* 2023 WL 136550 at *3 (D. Oregon Jan. 9, 2023) (dismissing Title VII religious discrimination claim because the accommodation offered to COVID-19 vaccine requirement, masking, eliminated conflict with religious belief and is a reasonable accommodation as a matter of law). HealthPartners provided a reasonable accommodation as a matter of law, which bars Cole's failure to accommodate claims.

In addition, the accommodation is reasonable as a matter of law because the heightened infection prevention protocols for unvaccinated workers to which Cole objects were required by federal agency rule during the relevant period.[4] In 2021, the Secretary of Health and Human Services issued an interim Rule that required healthcare facilities to ensure that their staff were vaccinated against COVID-19 (unless exempted for religious or medical reasons) as a condition of Medicare and Medicaid participation. 86 Fed. Reg. 61555 (2021). The Rule also required facilities to establish heightened infection prevention and control procedures for covered staff who were granted a religious or medical exemption from vaccination. *Id.* In January

---

[4] After the motion hearing in this case the federal government lifted the public health emergency and its Vaccine Rule. Consistent with the lifting of the public health emergency requirements and as discussed at the District Court hearing, HealthPartners lifted its non-patient area masking requirement for unvaccinated employees last spring.

Appellate Case: 23-3050     Page: 28     Date Filed: 12/18/2023 Entry ID: 5345444

2022 the Supreme Court upheld this Rule. *Biden v. Missouri*, 142 S. Ct. 647, 652

(2022).

The CMS memorandum on the topic for the relevant period (with which

covered facilities were required to demonstrate compliance) states:

**Policies and Procedures**
The hospital policies and procedures must be implemented and address each of
the following components:

The hospital must have a process for ensuring all staff (as defined above) have received at least a
single-dose, or the first dose of a multi-dose COVID-19 vaccine series, prior to providing any
care, treatment, or other services for the facility and/or its patients.

The policy must also ensure those staff who are not yet fully vaccinated, or who have been
granted an exemption or accommodation as authorized by law, or who have a temporary delay,
adhere to additional precautions that are intended to mitigate the spread of COVID-19.

NOTE: Facilities have discretion to choose which additional precautions to implement that align
with the intent of the regulation which is intended to "mitigate the transmission and spread of
COVID-19 for all staff who are not fully vaccinated." The requirement is not explicit and does
not specify which actions must be taken.

Facilities may also consult with their local health departments to identify other actions that can
potentially reduce the risk of COVID-19 transmission from unvaccinated staff.

The hospital must track and securely document:
- Each staff member's vaccination status (this should include the specific vaccine received,
  and the dates of each dose received, or the date of the next scheduled dose for a multi-
  dose vaccine);
- Any staff member who has obtained any booster doses (this should include the specific
  vaccine booster received and the date of the administration of the booster);
- Staff who have been granted an exemption from vaccination (this should include the type
  of exemption and supporting documentation) requirements by the hospital; and
- Staff for whom COVID-19 vaccination must be temporarily delayed and should track
  when the identified staff can safely resume their vaccination.

*Revised Guidance for Staff Vaccination Requirements*, Center for Medicare &

Medicaid Services, Ref: QSO-23-02-All, p.40 (Oct. 26, 2022),

https://www.cms.gov/files/document/qs0-23-02-all.pdf.

Thus, CMS directed healthcare facilities like the one where Cole works to institute a vaccination program with religious exemptions that required exempted staff —like Cole—to "adhere to additional precautions that [were] intended to mitigate the spread of COVID-19." Cole does not and cannot allege that requiring masking or other additional PPE and tracking compliance with these additional mitigation precautions was not aligned with the CMS mandate. Because a ruling that HealthPartners could not require unvaccinated staff to wear additional PPE or provide leaders with information for enforcement would have required HealthPartners to violate the CMS Rule, the Court should find that the accommodation granted to Cole was reasonable as a matter of law.

Cole argues that the determination of whether HealthPartners provided a reasonable accommodation to Cole also includes the analysis of whether Cole's requested accommodation posed an undue hardship. HealthPartners disagrees that it is necessary for the Court to reach this issue. Nevertheless, if the Court decides this issue, the Court should find that Cole's desired accommodation to not vaccinate and not follow CMS requirements for heightened infection prevention measures would be an undue hardship as a matter of law.

Title VII prohibits an employer from discharging any individual, or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion,"

Appellate Case: 23-3050     Page: 30     Date Filed: 12/18/2023 Entry ID: 5345444

and it requires an employer to "reasonably accommodate" an employee's religious observance or practice unless doing so creates an "undue burden" on the employer. 42 U.S.C. §§ 2000e(j), 2000e–2(a)(1).  Some accommodations may present an undue burden as a matter of law. *See Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (social security number collection requirement imposed by law, rather than employer, results in undue hardship).

Courts specifically addressing opposition to COVID-19 vaccination requirements have granted motions to dismiss on undue hardship or undue burden grounds. *See Lowe v. Mills*, 2022 WL 3542187 (D. Maine. Aug. 18, 2022) (dismissing Title VII claim on a motion to dismiss on the basis that the affirmative defense of undue hardship raised by hospital defendants, that they could lose state licensure for failing to mandate all employees receive the COVID-19 vaccine, was an undue hardship to the hospitals as a matter of law); *Does 1-2 v. Hochul*, 2022 WL 4637843 at *15-16 (E.D.N.Y. Sept. 30, 2022) (dismissing Title VII religious discrimination claim by employees against private employers at the motion to dismiss stage because the accommodation the plaintiffs seek would impose an undue hardship in that it would violate state law).

The cases Cole cited to argue that undue burden is a fact issues did not address whether a plaintiff's desired approach would directly violate a federal rule or program.  The two cases that come closest to dealing with that issue—*Villareal v.*

*Rocky Knoll Health Center* and *Doe 1 v. NorthShore University HealthSystem*—both involve employees of health care systems that object to COVID-19 testing regimens (*Villareal*) or strict vaccination-or-termination policies (*NorthShore*). Neither case involved a plaintiff who was granted a religious exemption to COVID-19 vaccination such that the "undue burden" at issue was whether the healthcare facility must violate a federal agency rule to appease the plaintiff's secular preference to not observe heightened COVID-19 infection protocols required by the rule. Unlike the cases Cole cites, Cole's proposed accommodation stood directly in opposition to clear legal authority that prohibited what Cole wanted. Cole's preferred accommodation presented an undue burden as a matter of law. Cole argues that HealthPartners was required to grant her a vaccine exemption AND treat her the same as vaccinated employees with regard to masking and PPE rules. HealthPartners could not grant this accommodation AND comply with the CMS Rule. Courts have held that an employer cannot be liable for failing to offer an accommodation that is specifically prohibited by a binding safety regulation promulgated by a federal agency. *See Bey v. City of New York*, 999 F.3d 157, 168 (2d Cir. 2021) ("An accommodation is not reasonable within the meaning of the ADA if it is specifically prohibited by a binding safety regulation promulgated by a federal agency."). *Bey* is particularly instructive because it analyzed undue hardship under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). The undue hardship

standard under the ADA still remains higher than that for a religious discrimination claim following *Groff v. DeJoy*, 600 U.S. 447 (2023).

HealthPartners granted a reasonable accommodation to Cole when it granted her a religious exemption in accordance with the CMS Rule requirements. Cole's request to not participate in additional infection prevention measures would be an undue hardship. The Court should affirm the dismissal of Cole's Complaint in its entirety and with prejudice.

## CONCLUSION

This is not a close case. Cole alleges that she has a religious objection to COVID-19 vaccination. HealthPartners granted Cole an exemption from vaccination. This resolved Cole's conflict between her religion and her job. Cole remains employed with HealthPartners and has not alleged that she suffered any material change to her working conditions. Neither Title VII nor the MHRA required HealthPartners to accommodate Cole's personal preference that she not have to mask in non-patient areas. This is especially true when granting Cole's personal preference would have required HealthPartners to violate a federal agency rule. HealthPartners respectfully requests that the Eighth Circuit affirm the District Court's dismissal.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

Dated: December 15, 2023

*/s/ Jody Ward-Rannow*
Jody Ward-Rannow, MN #0387098
Nathan T. Boone, MN #0398989
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612.339.1818
jody.ward-rannow@ogletree.com
nathan.boone@ogletree.com

***Attorneys for Appellee***
***Group Health Plan, Inc.***

27

## CERTIFICATE OF WORD LIMIT COMPLIANCE

The undersigned certifies that this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7). This Brief was prepared using Microsoft Office 2016, which reports that this Brief contains 7600 words (as counted under Fed. R. App. P. 32(f)) in Times New Roman size 14 font. This Brief was scanned for viruses and is free of viruses.

Dated: December 15, 2023          */s/ Jody Ward-Rannow*
                                                Jody Ward-Rannow

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 15, 2023</u>, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/<u>*s/Jody Ward-Rannow*</u>
Jody Ward-Rannow